[Sac. No. 600.  Department One.—December 11, 1899.]

MERCED BANK, Respondent, v. SOPHIE A. IVETT, Appellant.

INSOLVENT BANK—VOLUNTARY LIQUIDATION—PREFERENCE OF CREDITOR.— The resolution of an insolvent bank to go into liquidation is a voluntary act. which does not change the relative status of itself and its creditors, or preclude it from preferring one creditor above another, in the absence of actual fraud.

ID.—CONSTRUCTION OF CODE AS TO PREFERENCE OF CREDITORS.—Section 3432 of the Civil Code, which provides that "a debtor may pay one of the creditors in preference to another, or may give to one creditor security for the payment of his demand in preference to another," in the use of the broad term "debtor," includes corporations, as well as partnerships and individuals who are indebted, and gives to corporations equally with individuals the right to prefer one creditor above another.

APPEAL from an order of the Superior Court of Merced County denying a new trial.  J. K. Law, Judge.

The facts are stated in the opinion of the court.

P. J. Hazen, for Appellant.

J. W. Knox, for Respondent.

GAROUTTE, J.—Merced Bank, a corporation, passed reso-lutions resolving to go into liquidation. At that time the Bank of British Columbia was its creditor, holding collateral in the form of promissory notes as security for the debt. One Ivett was also a creditor of the Merced Bank to the extent of about twenty thousand dollars. The Bank of British Columbia was threatening to realize upon its collaterals, whereupon the Mer-ced Bank entered into a contract with Ivett by which he was to pay off the claim of this bank, take up these collaterals, and hold them as security for the money advanced, and also as se-curity for his claim of twenty thousand dollars. This con-tract was carried out. At this time it may be conceded the Merced Bank was insolvent. Some eight months after this transaction the Merced Bank was thrown into liquidation un-der the banking act of this state by a decree of court, and thereafter it brought this action against this defendant as suc-cessor in interest of Ivett, in claim and delivery, to recover the possession of these collaterals, having first paid her the amount theretofore advanced to the Bank of British Columbia. To sustain its claim plaintiff relied upon the proposition that it was insolvent at the time the contract was entered into with Ivett, and therefore had no right to prefer him as a creditor. There are various questions discussed by counsel incidental to the main one, but we pass them by without consideration.

We attach no importance to the fact that this bank had re-solved to go into liquidation. This was a purely voluntary act upon its part, and in no way changed the relative status of it-self and its creditors. The board of directors that resolved the bank into liquidation at the next regular meeting had the same power to resolve it out of liquidation. Indeed, it is not an un-usual practice for solvent banks to resolve themselves into liqui-dation. This court held in the very recent case of *Lanz v. Fresno etc. Sav. Bank*, 125 Cal. 456, that a voluntary liquida-tion upon the part of a bank does not change its status as to creditors, and that the doors of the courts still remain open

for them to secure their rights in the usual and ordinary channels.

It has been held in this state in *Bonney v. Tilley,* 109 Cal. 346, that the directors of a banking corporation may not prefer themselves as creditors, but the question as to the preference of one ordinary, common creditor over another has never been decided. Indeed, it is apparent at a glance that the position occupied by directors of an insolvent corporation when creditors is widely variant from that occupied by the ordinary creditor.

There is a broad conflict of authority upon the question as to whether or not insolvent corporations may prefer one creditor above another. And this conflict of authority largely presents itself between the text-writers upon the one side and judicial decisions upon the other. As opposed to the doctrine of preference we find Taylor on Private Corporations, sections 668-759, Morawetz on Corporations, section 803, Wait on Insolvent Corporations, section 162, and Thompson on Corporations, section 6492 et seq. As opposed to the views of these text-writers we find the following statement made in that excellent work, the American and English Encyclopedia of Law, volume 7, page 742: "In most jurisdictions, however, this doctrine is repudiated, and it is held that in the absence of charter or statutory restrictions, and in the absence of actual fraud, every corporation, though insolvent, and though it has ceased or determined to cease doing business, may prefer certain creditors over others whenever a natural person can do so." Then follows a citation of cases supporting the text of the author, taken from twenty-six different states. This long list of authorities may be supplemented by the very recent case of *Grand De Tour Plow Co. v. Rude Brothers Mfg. Co.,* 60 Kan. 145, where the subject is ably treated. The same general doctrine is also indorsed by the supreme court of the United States in the late case of *Hollins v. Brierfield Coal etc. Co.,* 150 U. S. 371. We also find that at the present time the states of Michigan, New York, and a few others have express statutory provisions prohibiting corporations from preferring creditors. This legislation seems fairly to indicate that the law in those states was deemed otherwise prior to the enactment of such statutes.

It would seem that in this state we are not directly concerned as to the general principles of law governing cases of the class here presented. Beyond question the whole matter is one under legislative control, and the legislature of this state, recognizing that fact, has dealt with it accordingly. Section 3432 of the Civil Code provides: "A debtor may pay one of the creditors in preference to another, or may give to one creditor security for the payment of his demand in preference to another." The term "debtor" is a broad one, and must include corporations likewise with individuals and partnerships. We know of no principle of construction which would justify this court in holding that the word "debtor," as here used, does not include corporations. Upon the contrary, we are satisfied there is none. The conclusion is irresistible that this statute gives corporations equally with individuals the right to prefer one creditor above another. If the policy of such a law is unsound, the remedy is with the state legislature.

For the foregoing reasons the order denying a new trial is reversed and the cause remanded.

Harrison, J., and Van Dyke, J., concurred.