[S. F. No. 13358. In Bank.—October 28, 1930.]

SECURITY TRUST COMPANY (a Corporation), Appellant, v. ESTHER SILVERMAN et al., Respondents.

Harvey & Heard, Cross & Brandt and Alfred F. Breslauer for Appellant.

Charles E. Gould, Clark D. Dudley and Joseph F. Ferrea for Respondents.

WASTE, C. J.—Plaintiff, a creditor of the defendant Sam Silverman, appeals from an adverse judgment in an action brought to have declared fraudulent and void a deed transferring from said defendant to his estranged wife an undivided one-half interest in certain real property. The alleged fraudulent deed was executed and delivered to the grantee more than three months prior to the institution of an action in which plaintiff's claim was subsequently reduced to judgment. It is alleged in the complaint that the questioned transfer was purely voluntary, without consideration, made at a time when Silverman was insolvent, and prompted solely by a desire to defraud his creditors, particularly the complainant. Among other things, the trial court found that at the time of making the conveyance Silverman was insolvent, that the grantee was without knowledge of such fact, that the conveyance was made in good faith and without intent upon the part of either party

thereto to defraud anyone, and that it was supported by a good and valuable consideration. Contrary to appellant's claim, the evidence, which we have examined in detail, fully sustains these findings.

■ Section 3442 of the Civil Code provides, in part, that "any transfer or encumbrance of property made or given voluntarily, or without a valuable consideration, by a party while insolvent . . . shall be fraudulent, and void as to existing creditors". Appellant contends that the transfer here assailed, even if assumed to be supported by a valuable consideration, a point not, however, conceded by it, was nevertheless "voluntary" and therefore fraudulent within the meaning and intent of the code section. In other words, the appellant argues that the code section reading in the disjunctive must be construed accordingly, from which it necessarily follows that any conveyance made by an insolvent person which is *either* voluntary in character or unsupported by a valuable consideration, is fraudulent and void. The authorities are directly opposed to this line of reasoning. In answer to the query whether the transfer there questioned was void under section 3442 as having been made "voluntarily, or without a valuable consideration, by a party while insolvent", the court, in *Hopkins* v. *White*, 20 Cal. App. 234, 247 [128 Pac. 780], declares: " 'A voluntary conveyance is a conveyance without any valuable consideration. . . . If there is a valuable consideration, no matter how trivial, or inadequate, the conveyance is not voluntary.' " Again, in *Shasta Lumber Co.* v. *McCoy,* 85 Cal. App. 468, 473 [259 Pac. 965], the court states that "The provision of section 3442 of the Civil Code 'that any transfer or encumbrance of property made or given voluntarily, or without a valuable consideration, by a party while insolvent or in contemplation of insolvency, shall be fraudulent, and void as to existing creditors', has no application to the facts of this case, because the transfer was not voluntary but was made for a valuable consideration."

The judgment is affirmed.

Richards, J., Seawell, J., Curtis, J., Preston, J., Shenk, J., and Langdon, J., concurred.