[S. F. No. 13456. In Bank.—July 30, 1931.]

JOINT POLE ASSOCIATION (a Voluntary Association),
Plaintiff, v. J. A. STEELE et al., Defendants and
Appellants; ACME GRAVEL COMPANY (a Corpora-
tion), Defendant and Respondent.

L. L. Steele for Appellants.

Augustin Donovan and James R. Agee for Respondent.

PRESTON, J.—On March 9, 1927, both respondent Acme Gravel Company and appellant J. A. Steele were creditors of defendant Harry B. Williams, the former in the sum of $1572.60, the latter in the sum of about $2,500. Apparently Williams was a contractor engaged in laying cement sidewalks, to whom respondent had furnished materials for that purpose and expected to supply further materials thereafter. On March 7, 1927, Williams had entered into a contract in writing with the plaintiff, Joint Pole Association, to repair holes in cement sidewalks and to receive therefor the agreed price of "twenty cents (.20) per surface foot". On said March 9th respondent Gravel Company took an assignment of said contract from said Williams which recited a consideration of $1572.60 and provided that "all monies due or to become due" under the contract were assigned to it.

. Formal notice of this assignment was given to plaintiff Pole Association on September 8, 1927. Appellant Steele, however, had, on May 24, 1927, reduced his claim to judgment and on June 24, 1927, the sheriff of the city and county of San Francisco levied an execution by way of garnishment upon plaintiff Pole Association seeking possession of all sums due Williams under the terms of said contract above referred to. With both parties to this appeal claiming the fund, plaintiff interpleaded them and asked the court and was allowed by it to pay the sum due to Williams, to wit: $1,010.88, into court. Williams was also made a defendant. He disclaimed any interest in the fund, however, and cast his lot with respondent in the controversy.

Issues were made up between respondent and appellant Steel as rival claimants. The case was tried by the court without a jury. Findings were made and judgment followed, decreeing the whole of said sum to respondent Gravel Company. From said judgment, this appeal followed.

■ Appellant claims that there was fraud between respondent Gravel Company and said Williams. The court found contrary to this contention and we see no reason to disturb its finding in this respect. Apparently, as above noted, Williams was in the business of contracting for the construction of cement sidewalks and respondent was furnishing him with materials to carry on his business and for the purpose of securing payment of sums due for materials already advanced and for further materials to be advanced thereafter, it took the assignment in question. ■ Even though it is conceded by all parties that Williams then and at all times herein involved was insolvent, we cannot see that this fact is of controlling importance. Appellant took no steps to bring Williams before the bankruptcy court. No fault can be found with respondent's effort to secure itself both for past debts due it and for its future advances.

Appellant, however, devotes the greater portion of his brief to the support of the contention that said assignment, taken in connection with the other facts and circumstances of the case, shows that it was but an assignment for security and as such does not meet the requirements of the law as to chattel mortgages or as to pledges; consequently it was void as to him as an execution creditor. Considering all the

facts and circumstances of the transaction, particularly the fact that at the time of assignment no sums had been earned thereunder, coupled with the ledger account kept by respondent of its transactions with Williams, and other facts not necessary to dwell upon, we are inclined to agree that the transaction between them was entered into by respondent to secure itself both as to existing indebtedness and as to future advances of construction materials and said assignment was therefore an instrument of security only. But this observation does not entitle appellant to a reversal of the judgment.

The assignment was a pledge, pure and simple, and in our opinion is valid as such. The contention that it was not supported by change of possession of the property and is therefore void under section 3440 of the Civil Code cannot be maintained. The instrument of assignment was duly executed and all the delivery and change of possession that could be made of this chose in action was made. As early as *Goldstein* v. *Hort,* 30 Cal. 372, 375, 376, Currey, C. J., stated the rule as follows: "A delivery of the possession of the pledged property must be made to the pledgee, otherwise his right cannot be consummated. When the property is of a character or quality not capable of manual delivery, such as debts and choses in action, the same may be pledged by a written assignment or other effective means of transfer, as the transfer of the capital stock of a corporate company by the delivery of the scrip or certificate; or of goods at sea by an assignment of the bill of lading, which is deemed equivalent to actual possession, because it is a delivery of the means of obtaining possession."

Again Rhodes, J., stated the rule in *Brewster* v. *Hartley,* 37 Cal. 15, 25 [99 Am. Dec. 237], as follows: "Incorporeal property, being incapable of manual delivery, cannot be pledged without a written transfer of the title. Debts, negotiable instruments, stocks in incorporated companies, and choses in action generally are pledged in that mode. Such transfer of the title performs the same office that the delivery of possession does in case of a pledge of corporeal property. The transfer of the title, like the delivery of possession, constitutes the evidence of the pledgee's right of property in the thing pledged." (See, also, *Gay* v.

*Moss,* 34 Cal. 125; *Works* v. *Merritt,* 105 Cal. 467 [38 Pac. 1109]; 21 R. C. L., p. 648, sec. 14; 49 C. J., p. 918, sec. 44.)

It is not contended by respondent that the assignment meets the test of a valid chattel mortgage. If Williams was insolvent at the time he gave a preference to respondent, appellant could have then acted to secure its just proportion of the insolvent's estate, but he did not avail himself of this remedy. There is no relief for him in this proceeding.

The judgment is affirmed.

Curtis, J., Shenk, J., Seawell, J., Waste, C. J., Richards, J., and Nourse, J., *pro tem.,* concurred.

Rehearing denied.