[Civ. No. 8263. First Appellate District, Division Two.—April 22, 1932.]

BERTHA E. FOSTER, Respondent, v. FRANK W. FOSTER et al., Defendants; ADELL H. LINGO, Appellant.

[Civ. No. 8264. First Appellate District, Division Two.—April 22, 1932.]

ADELL H. LINGO, Appellant, v. FRANK W. FOSTER et al., Respondents.

William Ellis Lady for Appellant.

Daniel A. Knapp for Respondents.

DOOLING, J., *pro tem.*—These two cases were tried together and are here presented on appeal upon one set of briefs. Appellant secured a judgment against defendants Frank W. Foster and Effie L. Foster, his wife, for the foreclosure of a chattel mortgage. The mortgaged property was sold for $422.25, leaving a balance due on the judgment of a little more than $6,000. A deficiency judgment was entered for this balance and to satisfy this judgment appellant caused to be sold at execution a certain ten acres of real estate and over 200,000 shares of the capital stock of Huntington Signal Oil Company then standing in the name of respondent Bertha E. Foster, but formerly standing in the names of Frank W. Foster and his wife. Appellant Lingo was herself the purchaser at the execution sales. In the action numbered herein 8263 respondent Bertha E. Foster sued to quiet title to the real property and judgment went in her favor. In the action numbered herein 8264 appellant asked to have herself adjudged owner of the stock and judgment went in favor of respondent Bertha E. Foster, adjudging her to be the owner of all of such stock.

Appellant claimed in the trial court and claims here that the land and stock were transferred by her debtors Frank W. Foster and his wife to Bertha E. Foster in fraud of creditors. As to a portion of the stock the trial court found that while standing in the name of Frank W. Foster

and wife it was at all times in fact the property of R. J. Foster and Bertha E. Foster. There was evidence to support this finding. As to the balance of the stock and the land the trial court found that the transfers were *bona fide* and for adequate consideration. In this behalf the proof showed that Bertha E. Foster is the wife of one R. J. Foster; that R. J. Foster is a brother of Frank W. Foster; that at the time of the transfers from Frank W. Foster and wife to Bertha E. Foster, Frank W. Foster and his wife were indebted to R. J. Foster and Bertha E. Foster in an amount exceeding $25,000 and that the transfers were made to satisfy this indebtedness. While there is much in the evidence which might cast doubt on the *bona fides* of the transfers and the existence of this debt those matters were properly addressed to the trial court and the evidence is sufficient to support the trial court's findings.

██ The pre-existing debt was a sufficient consideration for the transfers (*Commercial National Bank* v. *Roberts,* 49 Cal. App. 764 [194 Pac. 751]; *Smitton* v. *McCullough,* 182 Cal. 530 [189 Pac. 686]), and a transfer cannot be attacked by one creditor simply because the transferor has seen fit to give a preference to another creditor (Civ. Code, sec. 3432), even though the debtor thereby renders himself insolvent (*Heath* v. *Wilson,* 139 Cal. 362. [73 Pac. 182]; *Shasta Lumber Co.* v. *McCoy,* 85 Cal. App. 468 [259 Pac. 965]).

██ Appellant, however, claims that under Civil Code, section 3442, the transfers were void though made for a valuable consideration if they were made voluntarily and the debtors were thereby rendered insolvent. This contention is disposed of adversely to appellant in *Security Trust Co.* v. *Silverman,* 210 Cal. 578 [292 Pac. 636].

The most that can be said for appellant is that the evidence was in conflict and inferences might be drawn therefrom in her favor. The trial court did not draw these inferences and we may not do so on appeal where there is substantial evidence to support the trial court's findings. There is nothing in *Tobias* v. *Adams,* 201 Cal. 689 [268 Pac. 588], *Lefrooth* v. *Prentice,* 202 Cal. 215 [259 Pac. 947], or *Alee* v. *Shay,* 92 Cal. App. 749 [268 Pac. 962], in conflict with our conclusion. All of those cases dealt with

attempted transfers by way of gift and without valuable consideration.

The judgments appealed from are affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 21, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 20, 1932.