[Civ. No. 4700. Third Appellate District.—September 27, 1932.]

THE HIBERNIA SAVINGS AND LOAN SOCIETY, Petitioner, v. THE SUPERIOR COURT OF YUBA COUNTY et al., Respondents.

Tobin & Tobin, Rich, Weis & Carlin and George A. Clough for Petitioner.

Richard Belcher for Respondents.

PARKER, J., *pro tem.*—This is an original proceeding seeking a writ of prohibition to compel respondent court and the judges thereof to desist from any and further proceedings in certain litigation. The application was first made to the Supreme Court, out of which the alternative writ issues, returnable before us. The general nature of the proceedings and the grounds urged in support thereof will follow.

On April 18, 1930, or thereabouts, the Ellis Estate Company, a corporation, made and delivered to Hibernia Savings and Loan Society its promissory notes in and for the amount of $64,000, payable one year after date. The said notes were secured by mortgage upon certain real estate and improvements thereon, all situate in the county of

Yuba. This mortgage was in the usual form, providing that the mortgagee was entitled to possession upon default and upon said default the mortgagee might apply for the appointment of a receiver to husband the rents, profits, etc. Likewise did the mortgage clothe the mortgagee with the right to liquidate all liens for taxes or otherwise. The said mortgage contained a power of sale in the following language:

"And the mortgagor hereby empowers the mortgagee to sell and convey said mortgaged property at any time after default made in the payment of said promissory notes, or the interest thereon, or any of said installments as provided in said promissory notes, or after breach of any obligation for which this mortgage is security; and such sale may be public or private at the option of the mortgagee and may be for such price and on such terms as to payment or otherwise as the mortgagee may deem proper; at any such sale the mortgagee in its own name, or in the name of any person, shall have the right to purchase; and the mortgagor hereby authorizes and empowers the mortgagee to execute and deliver in the name of the mortgagor a good and sufficient deed and conveyance of said property, or any part thereof, and any recitals contained in any conveyance of the mortgaged property which may be made by the mortgagee must be deemed conclusive evidence of the facts recited."

Default having been made in the payments the Hibernia Savings and Loan Society, mortgagee, did on October 30, 1931, commence an action in the Superior Court, in and for Yuba County, seeking to foreclose the said mortgage. This action is now at issue, and was at issue when the alternative writ was issued herein.

At the time of the commencement of the proceeding to foreclose the plaintiffs therein obtained, upon *ex parte* application, an order appointing a receiver to take possession of the mortgaged premises, which said receiver duly qualified and took possession of the property and the proceeds therefrom.

Thereafter, upon motion of the defendant mortgagor, made after due and regular notice, the court in which said foreclosure action was pending did make and enter an order rescinding and setting aside the order theretofore

made appointing said receiver. An appeal was taken to the Supreme Court from the last order and said appeal is now pending after motion to dismiss the same was denied.

On September 24, 1931, the mortgagee Hibernia Savings and Loan Society filed for record in Yuba County "Notice of Breach of Obligation Secured by Mortgage, and of Intention to Sell Real Property Described therein", declaring a breach of the obligation secured by the mortgage and the intention of the mortgagee to sell the property described in the mortgage. Thereafter notice of sale under power of sale given in mortgage was published and after passing of the original date of proposed sale an additional or new notice of sale was published giving public notice that the property would be sold on March 7, 1932.

The proceeding or action against which the alternative writ of prohibition is now outstanding follows:

The mortgagor Ellis Estate Company on the fifteenth day of January, 1932, commenced an action in the county of Yuba against Hibernia Savings and Loan Society to enjoin and restrain the latter from proceeding under the notice of sale.

A preliminary order was entered restraining defendant in the action from any and all further proceedings under the power of sale and defendant's demurrer to the complaint and to the amended complaint was overruled and defendant allowed ten days within which to answer and the restraining order continued in force until the trial of said action.

The particular point stressed here by the petitioner is that the court below is without jurisdiction to proceed with the trial on the sole ground that the plaintiff in the action does not specifically offer to do equity by tendering or offering to pay to petitioner the amount of its mortgage debt or any amount.

It is a very general principle of equity jurisprudence that one who seeks equity must do equity. However, it is another thing to hold that by a failure so to do no jurisdiction vests in the tribunal in which relief is sought.

The right of the chancellor to withhold relief presupposes his jurisdiction to determine what relief he will withhold. In the action under discussion the plaintiff admits the mortgage debt; it makes no attempt to abridge the debt, but, on the contrary, admits it. It alleges that the prop-

erty subjected to the mortgage is of a value far in excess of the mortgage debt and alleges that funds have come into the hands of the mortgagee as a credit against the mortgage debt, the exact amount of which funds being peculiarly within the knowledge of the mortgagee, and asks for an accounting thereof before any sale is permitted.

Another controlling feature of the entire case is the fact that the petitioner herein first sought the aid of the court in its action to foreclose the mortgage. By that action it tendered an issue which has been joined.

We have not before us the pleadings in the foreclosure action. There is but one action to foreclose a mortgage and from the recitals and admissions in the record we assume that the action brought is in the usual form of a foreclosure action wherein plaintiff seeks a decree determining the lien of mortgage and ordering the sale of the property encumbered.

When a court of equity takes jurisdiction it is elementary that it takes jurisdiction for all purposes, and the petitioner herein having submitted its claim and its rights thereunder it will not be permitted to oust the court of jurisdiction by a claimed right under the mortgage inconsistent with its action.

There has been a receiver in charge of the property who has collected rents therefrom; there have been payments made upon the mortgaged debt to the extent that the sale under the power given by the mortgage would be to discharge an obligation indefinite in amount.

The petitioner herein has sought from the courts a relief that is in all ways adequate, merely a foreclosure of the mortgage. In this proceeding the court will determine the amount due after a complete accounting and enter its decree accordingly. The restraint of the sale under the power given on the mortgage in no way can effect any substantial right of the petitioner under the facts of the instant case.

When the petitioner herein submitted its mortgage and the debt claimed thereunder to the equitable cognizance of the courts it submitted for determination the entire controversy. After such a submission the chancellor would be empowered, by appropriate procedure, to restrain further proceedings as to a sale, without the necessity of a separate

action. All that the restraining order before us and all that the action out of which said order emanated can accomplish is the maintenance of the *status quo* pending the determination of the foreclosure action.

If the writ herein should be made absolute, its effect would be to dismiss the foreclosure suit now at issue, to render moot the questions presented on the appointment of the receiver and the vacating of the order of appointment. It would still leave in issue the accounts of the receiver and the settlement thereof and all the expense, time and trouble of the mortgagor incurred at the instance of the mortgagee would be as naught.

We have been cited to no direct authority that a failure of a plaintiff to offer, in his pleadings, to do equity, deprives the court of jurisdiction. True, there is an abundance of authority, both here and elsewhere, that equitable relief will be denied or withheld one who himself refuses to do equity, but where one comes in and admits an obligation but seeks to have determined the exact extent or amount thereof, impliedly offering his property of a greater value than the claimed indebtedness, as security for the payment of the debt, we think that the court has jurisdiction to proceed and determine upon what equities, if any, relief will be accorded. ▆▆ We feel that the writ of prohibition should not issue for light or trivial causes nor should the usual and ordinary course of procedure be hampered or restrained by these extraordinary remedies.

If the action of the Ellis Estate Company proceeds to judgment as prayed the net result thereof will be simply to defer the sale to the time of decree in foreclosure by which decree all of the rights of the parties will have been determined. On the other hand, should the action itself be stopped and the sale under the power of sale proceed there will follow accounting and, perhaps, a multiplicity of suits involving the validity of the power of sale and the proceedings thereunder.

All that is involved in the entire controversy is the mortgage debt and the property mortgaged. The court below has acquired ample jurisdiction, at the instance of the petitioner herein, over all of the issues involved and over the parties and the subject matter. Whatever equity that must be done by either party is within the power of the

court to decree, as a condition of any relief. Full, complete and adequate remedy may be obtained without the interposition of this court.

The alternative writ heretofore issued is discharged.

Plummer, Acting P. J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 27, 1932, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 21, 1932.