[Civ. No. 4877.   Third Appellate District.—June 2, 1933.]

THE HIBERNIA SAVINGS AND LOAN SOCIETY, Appellant, v. THE ELLIS ESTATE COMPANY (a Corporation) et al., Respondents.

Tobin & Tobin, Geo. A. Clough and Rich, Weis & Carlin for Appellant.

Richard Belcher for Respondents.

MILLER, J., *pro tem.*—This is an appeal from an order revoking an order appointing a receiver. The action was for the foreclosure of a mortgage on a piece of business property in the city of Marysville. On plaintiff's *ex parte* application a receiver was appointed, who duly qualified and took control of the property covered by the mortgage involved in the action. Defendant, The Ellis Estate Company, occupied a part of the property, and the remainder was rented for $705 a month. In the affidavit forming the basis of the order appointing the receiver, it is alleged on information and belief: "That the mortgaged property was of a value less than the amount secured by the mortgage." The defendant moved for an order vacating the order appointing the receiver, and on the hearing of that motion defendants produced a number of witnesses who testified that the mortgaged property was of a value in excess of $100,000, and counsel stipulated that there were present in court two witnesses called on behalf of defendants, namely, A. H. Gorwood and A. L. Galligan, both duly licensed real estate brokers in the city of Marysville, who were ready to, and, if called, would testify that the property in question was of a value in excess of $100,000. ▆ Several of the wit-

nesses who testified for defendant were, on cross-examination asked the following question: "Q. Would the amount of income be regarded by you as a proper element in estimating the value of said property?" The question was objected to on the ground that it was incompetent, irrelevant and immaterial. The objection was sustained.

Likewise, on cross-examination, the following question was asked: "Q. Did you take into consideration, in arriving at the value of said property, the income therefrom?" To that question objection was made on the ground that it was incompetent, irrelevant and immaterial. The objection was sustained.

Each of these questions was proper on cross-examination, and the objection thereto should have been overruled. However, we do not think that the ruling constituted reversible error in view of the other testimony in the case that is free from objection and is sufficient, in itself, to amply support the order appealed from, even if the testimony of the witnesses who were being cross-examined when these questions were propounded had been weakened by the cross-examination, or was entirely disregarded. (*Central Pac. R. R. Co.* v. *Pearson,* 35 Cal. 247, 262.)

Appellant propounded the following hypothetical question, namely: "If it should appear that the income from the property involved in this action is $8,400 per year; that the taxes thereon are approximately $3,300, the annual cost of insurance approximately $1,425, cost of scavenger service $72 per year, the interest upon the mortgage indebtedness thereon approximately $4,600 per year, cost of lights $71, cost of water $135 per year, cost of advertising $60 per year, and the cost of repairs, management and operation $1,417, making a total cost of interest, taxes and expenses in connection with the operation thereof approximately $11,000, and showing a deficit in the operation of said building, after applying the income, of approximately $2,600, what would you say was the value of such a property?"

The question was objected to by defendant upon the ground that it is incompetent, irrelevant and immaterial, and that all of the circumstances and elements involved in a proper hypothetical question as to the value of said property are not contained in said question. The court sus-

tained the objection, and appellant urges the ruling of the court as error. We think the ruling of the court was proper under the objection urged. The rental value of the part of the property occupied by the owner was not embraced in the question.

Appellant also propounded the following question on cross-examination to one of respondents' witnesses: "Q. Do you know of any sales of real property in the vicinity of the property involved in this action within the last six months or a year?" This was objected to as incompetent, irrelevant and immaterial, and the objection sustained. We think the question was proper and should have been answered. But the entire testimony of the witness to whom the question was propounded could be disregarded and still there would be ample evidence in the record, entirely free from any objection whatever, to support the order of the court, and while it was error to sustain the objection it was not a reversible error.

A witness called on behalf of plaintiff testified, on direct examination, that certain properties assessed for $3,165 had been sold on November 22, 1931, for $2,300, and that there had been several foreclosure sales within six months prior to the hearing. On direct examination, he was asked the following question: "Q. Will you kindly state at what price said properties were sold, and the assessed valuation of said property in the city assessment and in the county assessment?" The question was objected to as being incompetent, irrelevant and immaterial. The objection was sustained, and properly so. The rule in California is well settled that "the value of property cannot be proved by evidence of sales of other property, or of offers to buy or sell the property in question". (*Merchants Trust Co.* v. *Hopkins,* 103 Cal. App. 473, 478 [284 Pac. 1072, 1074].)

There appears to be some dispute between counsel for the respective parties as to whether all the evidence that was taken on the hearing of the motion was brought up in the record. The record contains the following statement: "Whereupon the following proceedings were had, among other proceedings." Then follows certain testimony in recital form, and it is contended by plaintiff that the expression, "proceedings", does not refer to evidence. However, if it did not, it would seem strange that a recital of certain

evidence immediately followed the term, ''whereupon the following proceedings were had, among other proceedings''.

It is well settled that all presumptions and intendments are in favor of supporting the judgment or order appealed from, and that an appellant has the burden of showing reversible error, and that, in the absence of such showing, the judgment or order appealed from will be affirmed. (*Dahlberg* v. *Dahlberg*, 202 Cal. 295 [260 Pac. 290]; *Coleman* v. *Farwell*, 206 Cal. 740 [276 Pac. 335]; *Moore* v. *United States Fidelity & Guaranty Co.*, 122 Cal. App. 205 [9 Pac. (2d) 562].)

The record does not show affirmatively that the evidence brought up was all the evidence taken at the hearing, but even if it did so show, there appears to have been no miscarriage of justice, and that the errors committed were not reversible errors. (Const., art. VI, sec. 4½; *Coleman* v. *Farwell, supra.*)

The order appealed from is therefore affirmed.

Thompson, J., and Pullen, P. J., concurred.