[Sac. No. 4906. In Bank.—September 3, 1935.]

THE HIBERNIA SAVINGS AND LOAN SOCIETY, Appellant, v. RICHARD BELCHER et al., Respondents.

Tobin & Tobin, George A. Clough and Rich, Weis & Carlin for Appellant.

Richard Belcher, *in pro. per.*, for Respondents.

SEAWELL, J.—This is an action to set aside an assignment of accrued rents made by defendant Ellis Estate Company to defendant Richard Belcher, on the ground that said assignment was without consideration and made with intent to hinder, delay and defraud plaintiff Hibernia Savings and Loan Society, a creditor of defendant Ellis Estate Company upon a deficiency judgment held by it against said company. Plaintiff prosecutes this appeal from a judgment that it takes nothing by its complaint.

The evidence adduced upon the trial established, and the court found, that the assignment of rents had been given in payment for legal services rendered by Belcher for the Ellis Estate Company in connection with the foreclosure of the mortgage upon which plaintiff now holds a deficiency judgment. Said mortgage was executed on June 18, 1930, to secure payment of two promissory notes for a total principal sum of $64,000, and covered property in the city of Marysville, Yuba County, on which is located a building containing stores, offices and apartments.

On October 30, 1931, the Hibernia Savings and Loan Society filed suit to foreclose said mortgage and upon its *ex parte* application the court on the same day appointed a receiver to take possession of the property pending foreclosure and to collect the rents thereof. The Ellis Estate Company, represented by Mr. Belcher, moved to vacate the order appointing the receiver, and the court on November 27, 1931, vacated the receivership appointment. From the order of November 27, the Hibernia Savings and Loan Society appealed to this court. The Ellis Estate Company, represented by Mr. Belcher, moved to dismiss the appeal on the ground that the order was not appealable. This court thereafter held the order appealable (*Hibernia Savings & Loan Society* v. *Ellis Estate Co.*, 216 Cal. 280 [13 Pac. (2d) 929]), one member of the court dissenting. The appeal was transferred to the District Court of Appeal, Third Appellate District, which rendered its decision on June 2, 1933, affirming the order of the trial court setting aside the order appointing a receiver. (*Hibernia Savings & Loan*

*Society* v. *Ellis Estate Co.*, 132 Cal. App. 408 [22 Pac. (2d) 806].) The Hibernia Savings and Loan Society had procured appointment of a receiver *ex parte* upon its affidavit alleging on information and belief "that the mortgaged property was of a value less than the amount secured by the mortgage".

█ Appointment of a receiver with authority to collect rents pending foreclosure is authorized only where the mortgage security is insufficient. (Sec. 564, subd. 2, Code Civ. Proc.; *Title Ins. & Trust Co.* v. *California Dev. Co.*, 164 Cal. 58 [127 Pac. 502]; *Bank of Woodland* v. *Stephens*, 144 Cal. 659 [79 Pac. 379]; *Baker* v. *Varney*, 129 Cal. 564 [62 Pac. 100, 79 Am. St. Rep. 140]; 18 Cal. Jur., pp. 296–302.) Upon the motion before the trial court to vacate the receivership appointment, Mr. Belcher, representing the Ellis Estate Company, produced witnesses whose testimony the trial court accepted as establishing that the mortgaged property exceeded in value the indebtedness secured, and was of a value in excess of $100,000, and the District Court of Appeal upheld the action of the trial court.

Prior to the commencement of the mortgage foreclosure suit by the Hibernia Savings and Loan Society, that corporation, on September 24, 1931, filed notice of its intention to cause the mortgaged property to be sold under a power of sale contained in the mortgage. The Ellis Estate Company, on January 15, 1932, sought an injunction from the Superior Court of Yuba County, where the mortgage foreclosure action was pending, restraining exercise of the power of sale, and that court granted a preliminary restraining order pending hearing of the injunction suit. Thereupon the Hibernia Savings and Loan Society applied to the District Court of Appeal, Third Appellate District, for a writ of prohibition to restrain the superior court from further proceeding in the action for an injunction. The District Court of Appeal denied the writ (*Hibernia Savings & Loan Society* v. *Superior Court*, 126 Cal. App. 397 [14 Pac. (2d) 872]), and in its opinion indicated that as the Hibernia Savings and Loan Society had invoked the jurisdiction of the superior court to foreclose the mortgage, it could not oust that court of jurisdiction by pursuing an inconsistent course and attempting to exercise a power of sale contained in the mortgage. Mr. Belcher, defendant in the instant action, successfully represented the Ellis Estate Company in procuring the restraining order and in resisting

the application of the Hibernia Savings and Loan Society for an original writ of prohibition.

In the principal action, which was the suit for foreclosure brought by the Hibernia Savings and Loan Society, the court found that $77,351.34 was due plaintiff, including principal, interest and taxes advanced, and ordered that the property be sold on foreclosure. The sale was held on January 17, 1933, and the property bought in by the Hibernia Savings and Loan Society for $64,246.83, which left a balance due it of $13,510.60, for which a deficiency judgment was entered.

Throughout the litigation outlined above, the Ellis Estate Company was represented by Mr. Belcher. The assignment of rents to Mr. Belcher in payment for his services was made on January 16, 1933, the day preceding the foreclosure sale, but the matter had been discussed and agreed upon prior thereto. The Ellis Estate Company was without cash or other property with which to pay Mr. Belcher. The assignment was made by resolution of the board of directors on January 16, 1933, and embodied in the corporate minutes for that date. No other written assignment was ever executed. Appellant's contention that the assignment by corporate resolution was not valid for the reason that the special meeting at which said resolution was adopted was held without notice to one of the three directors, who was not present, and did not sign a written waiver or consent either before or after the meeting, will be noticed hereafter. At this point we will merely state that it appears that the absent director by subsequently acquiescing in the assignment impliedly ratified it.

By the terms of the assignment, the Ellis Estate Company transferred to Richard Belcher "all of its right, title, claim, interest and estate in and to all moneys collected by C. F. Aron, alleged receiver in the above-entitled action, and to all moneys, rents, etc., uncollected by said alleged receiver and now due and payable from tenants of the property". Appellant contends that under said assignment of rents, Mr. Belcher may receive as much as $8,461.45, which sum is so grossly disproportionate to the value of the services rendered by him as to indicate that the assignment was not made in good faith. Ellis, as president of the Ellis Estate Company, testified that between the commencement of the foreclosure action on October 30, 1931, and the foreclosure sale on January 17, 1933, rents in the total sum of $8,461.45 accrued. But Mr. Belcher

will not receive this amount under his assignment. It appears from the evidence in the case herein that during this period both Mr. Aron and the Ellis Estate Company received rents.

■ ▪ The receiver (Mr. Aron) had no legal right to receive rents which accrued after November 27, 1931, the date of the order revoking his appointment as receiver. An order removing an executor, administrator, guardian or receiver is self-executing. The appeal taken from such order in the instant case did not restore his powers. (*More* v. *More,* 127 Cal. 460 [59 Pac. 823]; *Guardianship of Van Loan,* 142 Cal. 429 [76 Pac. 39]; 2 Cal. Jur. 411, 438.) Nevertheless the receiver collected some of the rents, while Ellis collected other rentals. The assignment is only of rents collected by Mr. Aron and of uncollected rents due at the time of the assignment. It does not include rents collected by the Ellis Estate Company, the amount of which does not appear from the evidence herein.

■ The court found in the instant action that the receiver had collected a total of $2,830.75, which figure it evidently took from the account filed by said receiver with the court. The amount of rentals due and uncollected at the time of the assignment, and which also passed thereunder, does not appear. No doubt the full amount of such rentals is not collectible, and there will be expenses of collection which will further substantially reduce the amount Mr. Belcher will realize under the assignment. W. T. Ellis, president of the Ellis Estate Company, testified that at the time of the assignment, he believed that Belcher might realize between $2,000 and $3,000 therefrom, and that the services rendered by Belcher were well worth such a fee. The extensive services rendered by Mr. Belcher appear from our statement of facts above. As there appears, the litigation involved three proceedings before appellate courts (*Hibernia Savings & Loan Society* v. *Ellis Estate Co.,* 216 Cal. 280 [13 Pac. (2d) 929]; *Hibernia Savings & Loan Society* v. *Superior Court of Yuba County,* 126 Cal. App. 397 [14 Pac. (2d) 872]; *Hibernia Savings & Loan Society* v. *Ellis Estate Co.,* 132 Cal. App. 408 [22 Pac. (2d) 806]). The trial court concluded that the fee for the services was not excessive, and that the assignment had been made in good faith as a *bona fide* payment for said services. With its conclusions we are in accord.

■ While the Ellis Estate Company may have been insolvent in the sense that it could not pay its debts as they

fell due, section 3432 of the Civil Code provides that "a debtor may pay one creditor in preference to another, or may give to one creditor security for the payment of his demand in preference to another". Such preferences may be set aside in a bankruptcy proceeding in the manner prescribed by the statutes relating to such proceedings, but they are not subject to attack in an action such as that prosecuted by plaintiff herein. (*Matter of Muller & Kennedy,* 118 Cal. 432 [50 Pac. 660]; *Roberts* v. *Burr,* 135 Cal. 156 [67 Pac. 46]; *Joint Pole Assn.* v. *Steele,* 213 Cal. 233 [2 Pac. (2d) 335]; *Merced Bank* v. *Ivett,* 127 Cal. 134 [59 Pac. 393]; *Welch* v. *Sargent,* 127 Cal. 72 [59 Pac. 319]; *Security Trust Co.* v. *Silverman,* 210 Cal. 578 [292 Pac. 636]; *Bradley* v. *Butchart,* 217 Cal. 731, 744 [20 Pac. (2d) 693]; *Foster* v. *Foster,* 123 Cal. App. 1 [10 Pac. (2d) 796].) The absolute assignment of accrued rents in the case herein was made to Mr. Belcher in payment for legal services rendered by him for his assignor. Such payment is not an assignment in trust for the benefit of a creditor or creditors of the debtor, and is not governed by the rules pertaining to such assignments in trust for the benefit of creditors, but, rather, section 3432 of the Civil Code, quoted above, is applicable thereto. (See *Sabichi* v. *Chase,* 108 Cal. 81 [41 Pac. 29]; 3 Cal. Jur. 313; 12 Cal. Jur. 1009–1016.)

 There is a further reason why plaintiff must fail in the case herein. It is held in the recent case of *Norton* v. *Blenkiron,* 138 Cal. App. 66 [31 Pac. (2d) 807], that in an action by a secured creditor to set aside alleged fraudulent conveyances, he must show that the indebtedness due him is not fully secured, and the mere showing that he purchased the mortgaged property at foreclosure sale for an amount inadequate to discharge the indebtedness is insufficient. In the case herein the order of the court revoking the receivership appointment was based on evidence that the value of the mortgaged property was in excess of $100,000. (*Hibernia Savings & Loan Society* v. *Ellis Estate Co.,* 132 Cal. App. 408 [22 Pac. (2d) 806].) Plaintiff introduced no evidence to show that at the time the assignment was made, or at the time of the action herein, its value had declined to the extent that it was worth less than the indebtedness to plaintiff.

 As noted above, plaintiff makes the point on this appeal that in legal effect there is no assignment to Belcher for the reason that the resolution of assignment was adopted at

a special meeting at which only two of the three directors were present, and no notice was given to the remaining director, who was the sister of W. T. Ellis, president of the corporation, and said sister did not waive notice of the meeting either prior or subsequent thereto. A copy of the resolution of assignment, certified by the secretary of the corporation and bearing the seal of the corporation, was introduced in evidence. Plaintiff contends that the presumption of validity arising from the presence of the seal has been overcome by evidence that, in fact, the contract of assignment was not authorized at a valid corporation meeting. Although the certificate of the secretary recited that the resolution was adopted at a regular meeting of the board, the by-laws did not provide for regular meetings. There is no evidence that the absent director ever signed a written waiver of notice, or an approval of the minutes of the meeting, as provided by section 307b of the Civil Code.

Respondents contend that the assignment of accrued rents in payment for legal services performed by Belcher was an act in the usual course of business, which Ellis, as president of the corporation, was authorized to perform without the concurrence of the other two directors, and that if the resolution does not represent the action of the board of directors it is nevertheless valid as the contract of the corporation made by Ellis as its president. By provision of the by-laws he "had direction of the affairs of the corporation", although subject to advice of the other directors, and acted as general manager of the corporation. The principal assets of the corporation consisted of property inherited by Ellis and his sister from the estate of their father. The other director was the stenographer employed by Ellis for the company, and she acted as secretary. Although the corporate minutes were not signed by Ellis, but by the secretary of the corporation, there can be no doubt that it was the purpose of Ellis to effect an assignment by said resolution. Accrued rents are a chose in action, ordinarily assignable orally, and hence it was not necessary that an assignment thereof by Ellis be made by writing executed by him as president of the corporation. If it should be conceded, for argument, that Ellis as president of the corporation did not have authority to make the assignment, it nevertheless appears from the whole evidence that there has been an implied ratification by the absent director of the acts of the other two directors and officers of the corporation.

276

This implied ratification arises from the subsequent acquiescence of said absent director in the assignment to Belcher. Although the testimony of Ellis was to the effect that his sister never expressly ratified the proceedings of January 16, 1933, by signing the minutes or a waiver of the notice, or by other writing, upon the whole evidence it appears that her subsequent acquiescence was tantamount to an implied ratification. (*Wood Estate Co.* v. *Chanslor*, 209 Cal. 241 [286 Pac. 1001]; *Bradley* v. *Butchart*, 217 Cal. 731, 744 [20 Pac. (2d) 693]; *Blood* v. *La Serena L. & W. Co.*, 134 Cal. 361 [66 Pac. 317]; *Brown* v. *Crown Gold Milling Co.*, 150 Cal. 376, 387 [89 Pac. 86].)

The judgment is affirmed.

Curtis, J., Preston, J., Waste, C. J., Thompson, J., and Shenk, J., concurred.

Rehearing denied.