[Sac. No. 4981. In Bank.—August 5, 1936.]

W. S. OVERTON et al., Respondents, v. AMY I. SCHMITT, etc., Appellant.

Pierre A. Fontaine for Appellant.

William F. Rose and Vernon F. Gant for Respondents.

THE COURT.—Appeal by defendant Amy I. Schmitt from judgment for plaintiffs.

This action was brought by plaintiffs to quiet their title to an 828-acre tract of land in Stanislaus County known as the "Hatmark Ranch", conveyed to them by deed of Mark and Hattie O. Page dated July 8, 1931, recorded November 12, 1932. Defendant Amy I. Schmitt, who is the sole appellant and claimant to ownership of said property, filed herein an answer and also a cross-complaint alleging that title had vested in her by virtue of a sheriff's deed dated February 6, 1934; that said conveyance to plaintiffs by the Pages bore a false date; that it was voluntarily made without consideration, at a time when the Pages were insolvent or in contemplation of insolvency, and in pursuance of a secret agreement to hinder, delay and defraud appellant, as their creditor. (Secs. 3439 and 3442, Civ. Code.) The prayer of the cross-complaint was that the transfer be declared fraudulent as against appellant and that she be decreed the owner in fee of the ranch.

The history of conveyance of the ranch to plaintiffs is shown by the record in substance as follows: In December, 1930, the Pages purchased the Hatmark ranch, subject to outstanding reclamation bonds constituting a $58,000 lien thereon. The estimated value of the property, over and above said indebtedness, was about $40 an acre, or $33,120. Being unable to finance the operation of the ranch and bond payments, the Pages soon entered into negotiations with plaintiff, Major W. S. Overton, for sale of an interest

to him in return for advancement of $5,000. Between December 6, 1930, and March 30, 1931, Major Overton had advanced $7,629.27; by July 8, 1931, his advancements aggregated $13,305.75 and additional funds were needed. He hesitated to make any further investment, particularly as his duties required him to be absent from the United States a great part of the time. Finally it was agreed that he should accept a conveyance of the entire ranch, in consideration of the sums already advanced. In pursuance of this agreement, the Pages, on July 8, 1931, duly executed a deed transferring the property and within a day or two thereafter it was delivered by the notary public to plaintiffs. Thereafter plaintiffs invested in the ranch further funds as needed and the Pages occupied and operated it as their tenants and agents. By December 23, 1931, the disbursements of plaintiffs had increased to $18,427.35, and at time of trial of this action in June, 1934, they aggregated $28,759.97, in addition to various expenditures for stock and equipment. Recordation of the deed of July 8, 1931, was withheld until November 12, 1932, in order to facilitate Major Overton's purchase of certain of the outstanding reclamation bonds.

The history of the sheriff's deed to appellant is shown by the record in substance as follows: On August 23, 1929, appellant loaned the Pages $4,000, in return for which they executed a three-year promissory note secured by first deed of trust on a residence in Oakland. Mark Page, who was a contractor and builder, sold said residence to third parties subject to said lien. In December, 1931, the third parties defaulted in payment of certain instalments and appellant immediately foreclosed her lien and on May 12, 1932, purchased the property at foreclosure sale for $2,500. On May 13, 1932, she filed an action against the Pages for a deficiency of $1824.55, interest and costs, and levied an attachment on the Hatmark ranch, which had theretofore, on July 8, 1931, been conveyed to plaintiffs as aforesaid. On December 1, 1932, in said deficiency action, appellant obtained judgment against the Pages; execution issued thereon, and on February 4, 1933, at execution sale, appellant purported to purchase the ranch for $1937.29. The sheriff's deed, under which she here asserts claim of title, was delivered to her on February 6, 1934. The filing of

this action by plaintiffs to quiet title followed her demand upon them for possession of the property.

The trial court found that plaintiffs were the owners of the ranch; that the allegations of their complaint were true, but that the allegations of appellant's cross-complaint were untrue and not sustained by the evidence. It found that said deed of July 8, 1931, from Mark and Hattie O. Page to plaintiffs "was not made voluntarily or without a valuable consideration, but was made, executed and delivered for good, sufficient and valuable considerations, paid and delivered to them by plaintiffs; and that it was made, executed and delivered without fraud, either actual or constructive; that said transfer was not made while the grantors were insolvent, or in contemplation of insolvency; that said deed was recorded November 12, 1932. . . . ; that any delay in recording said deed was without any intent to hinder, delay, or defraud defendant Amy I. Schmitt, or any creditor or creditors of either plaintiffs or said Mark Page or Hattie O. Page". The court found that the advances by plaintiffs to the Pages for development and operation of the ranch, including an initial advance of $5,000 were not personal loans, but merged in the consideration paid by plaintiffs for said deed of July 8, 1931; that said deed was made and delivered without any knowledge of any claim of or contemplated action by appellant against the Pages and that plaintiffs did not then know appellant; that the occupancy of the ranch by the Pages after the transfer to plaintiffs, and their business transactions relative thereto, were undertaken solely as tenants and agents of plaintiffs, and not otherwise. The court found that appellant acquired no rights of any kind in the ranch under said attachment, execution sale or sheriff's deed for the reason that the Pages had no interest in the property subject to attachment or execution after July 8, 1931.

The evidence sustains these findings and the findings support the judgment quieting the title of plaintiffs to said ranch. It will be noted that on July 8, 1931, when plaintiffs, having expended over $13,000, accepted the deed to the ranch, they did not know appellant and did not know of the note held by her. Said note was secured by a first lien on Oakland real property, which had passed into the hands of purchasers who were then making and pre-

sumably would continue to make the required payments, and who did not default until December, 1931. In the face of these facts, and the other facts found by the court, it cannot be successfully contended that the conveyance of July 8, 1931, was made in pursuance of any scheme to defraud appellant, as a creditor of the Pages, or that she should acquire any interest in said ranch by virtue of her sheriff's deed. It is immaterial that appellant's attachment of May 17, 1932, was levied prior to November 12, 1932, date of recordation of the conveyance of July 8, 1931. ██ It is well settled that an unrecorded deed is effective as against a subsequent attachment of the land as the property of the grantor. (*Morrow* v. *Graves*, 77 Cal. 218 [19 Pac. 489]; *Finnie* v. *Smith*, 83 Cal. App. 707 [257 Pac. 866]; *Commercial Nat. Bank* v. *Roberts*, 49 Cal. App. 764 [194 Pac. 751].) These authorities, and the cases of *Asadoorian* v. *Kludjian*, 210 Cal. 564 [292 Pac. 644], and *Foster* v. *Foster*, 123 Cal. App. 1 [10 Pac. (2d) 796], sustain in every respect the holding announced.

A review of the record discloses ample evidence to support the findings, which in turn support the judgment. No other points require discussion.

The judgment is affirmed.

Rehearing denied.