## UNITED STATES v. ELEVEN CERTAIN PARCELS OF LAND IN TULARE COUNTY, CALIFORNIA, et al.

### No. 36.

District Court, S. D. California, N. D.

May 28, 1942.

Cushing & Cushing, Delger Trowbridge, and Everett S. Layman, all of San Francisco, Cal., for Claus A. Spreckels.

Louis Ferrari and G. D. Schilling, both of San Francisco, Cal., and H. H. Bechtel, of Oakland, Cal., for R. E. Titus.

J. F. T. O'CONNOR, District Judge.

The question to be determined is whether Joseph Victor Kuznik or R. E. Titus is entitled to the sum of $646.18, which sum represents the proceeds of condemnation award for a one-sixth interest in parcel No. 3 described in the complaint, said sum at the present time being held in the Registry of the above entitled court.

On May 15, 1930, C. A. Spreckels conveyed the interest in the real property in question to his daughter, Lurline Kuznik. On July 13, 1937, R. E. Titus purchased at execution sale notes and other evidences of indebtedness of C. A. Spreckels to City Investments, Ltd., aggregating in excess of $3,000,000 for the amount of $2,055.

On November 21, 1938, R. E. Titus recovered judgment in the sum of $581,865.35 against Spreckels on one of the said notes, and executed upon and acquired at sheriff's sale, all interest of C. A. Spreckels in and to said real property, and on May 6, 1940, obtained sheriff's deed conveying the interest of C. A. Spreckels therein as of November 21, 1938.

On November 17, 1938, Lurline Kuznik conveyed the interest acquired from her father to her husband, the defendant, Joseph Victor Kuznik, which deed was recorded on November 28, 1938.

It is the contention of C. R. Titus that the transfer by C. A. Spreckels to his daughter, Lurline Kuznik, was in fraud of creditors and that C. A. Spreckels was insolvent at the time of the conveyance.

C. R. Titus contends that even if there was, at one time, a valid and existing indebtedness due and owing to Lurline Kuznik from her father, C. A. Spreckels, said obligation had been transferred by Lurline Kuznik to her husband, Joseph Victor Kuznik, prior to the transfer of the real property in this action. However, the record shows further that Lurline Kuznik advanced to C. A. Spreckels, her father, from $5,000 to $10,000 in addition to the $75,000 between May 19, 1929 and May 15, 1930. There is the direct evidence of C. A. Spreckels that the purpose of making the conveyance of May 15, 1930 was "to make a payment on account of what I owed her." He further testified that he did not make the deed to his daughter for the purpose of hindering, delaying, and defrauding his creditors. There is also the positive statement by C. A. Spreckels that on May 15, 1930, he was solvent and the record fails to show any facts which would establish his insolvency. Fraud is never presumed but must always be established, and C. R. Titus has failed to establish fraud, and has failed to establish lack of consideration at the time the deed was executed by C. A. Spreckels to his daughter, Lurline Kuznik.

It will be necessary to examine the law of California as it applies to this action. Wilson v. Buchenau, D.C., 43 F.Supp. 272.

Fraud is never presumed. The burden is upon the party alleging fraud to prove it. Hedden v. Waldeck, 9 Cal. 2d 631, 72 P.2d 114; 31 C.J.S., Evidence, § 103, p. 708. It is presumed that individuals deal fairly and honestly and fraud is the exception. 31 C.J.S., Evidence, § 126, p. 745. The court is unable to find fraud, either actual, Calif.Civ.Code § 1572, or constructive, Calif.Civ.Code § 1573, as defined by the law of California.

Section 3432 of the Civil Code of California permits a debtor to prefer one creditor over another. The preference is unobjectionable even if insolvency results. Sefton v. San Diego Trust and Savings Bank, Cal.App., 106 P.2d 974; Bradley v. Butchart, 217 Cal. 731, 20 P.2d 693. This preference in the absence of fraud is based upon the well recognized principle that an owner of property may dispose of it as he pleases. Ferguson v. Larson, 139 Cal.App. 133, 33 P.2d 1061. No objection to such preference that other creditors suffer. In re Muller and Kennedy, 118 Cal. 432, 50 P. 660; Priest v. Brown, 100 Cal. 626, 35 P. 323; Hibernia Savings & Loan Society v. Belcher, 4 Cal.2d 268, 48 P.2d 681, holding certain preferences may be set aside in bankruptcy proceedings. Such attack is not

permissible under the pleadings in this action. Joint Pole Association v. Steele, 213 Cal. 233, at page 235, 2 P.2d 335; Roberts v. Burr, 135 Cal. 156, 67 P. 46; Merced Bank v. Ivett, 127 Cal. 134, 59 P. 393; Foster v. Foster, 123 Cal.App. 1, 10 P.2d 796. In re Luce, 83 Cal. 303, 23 P. 350.

The court holds that the sum of $646.18 is the property of Joseph Victor Kuznik as the grantee of Lurline Kuznik and the rightful owner of the real property for which the sum of $646.18 was the condemnation price.

Let judgment be entered accordingly.