[Civ. No. 41421. Second Dist., Div. One. Nov. 8, 1973.]

DAVID B. COMMONS, as Trustee, etc., Plaintiff and Appellant, v. G. DAVID SCHINE et al., Defendants and Respondents.

**COUNSEL**

Buchalter, Nemer, Fields & Savitch, Leonard Venger and Jay R. Ziegler for Plaintiff and Appellant.

Richards, Watson, Dreyfuss & Gershon, and Ronald M. Greenberg for Defendants and Respondents.

## OPINION

**THOMPSON, J.**—This is an appeal from a judgment on the pleadings entered on respondents', defendants', motion attacking appellant's first amended complaint. We reverse the judgment.

Since we deal here with a judgment on the pleadings, the ultimate issue is the sufficiency of appellant's complaint. In determining that issue, we accept as true the allegations of that pleading. (*Builders' Control Service of No. Cal., Inc.* v. *North American Title Guar. Co.*, 205 Cal.App.2d 68, 73 [22 Cal.Rptr. 712]; *Franklin* v. *Municipal Court,* 26 Cal.App.3d 884, 900 [103 Cal.Rptr. 354].)

The allegations of appellant's first amended complaint establish the following for the purpose of this appeal. Pomona Valley Inn Corporation (the corporation) was incorporated in the fall of 1964. G. David Schine was at all times material the sole shareholder, president, and a director of the corporation. He totally dominated and controlled it. Pomona Valley Inn (the bankrupt) is a limited partnership promoted by Schine organized in October 1964 to acquire, develop and operate a motel, restaurant and bar. The corporation is the sole general partner of the bankrupt, and through the corporation Schine was in complete charge of, directed, controlled, dominated, and managed the bankrupt's affairs. On November 9, 1964, the bankrupt purchased two parcels of real estate, and in January 1965, it commenced business. From the outset, both the corporation and the bankrupt were insolvent in the sense that their income was inadequate to meet debts as they became due. From and after December 31, 1965, the liabilities of the bankrupt and the corporation exceeded their assets.

Schine was at all times material the principal shareholder, an officer, and director of Schine & Co., another corporation dominated and controlled by him. Schine & Co. was a shell which Schine used as a conduit for the transaction of his business. "The business and affairs of [Schine and Schine & Co. were] so mixed and intermingled that the same cannot be reasonably segregated and the same are in inextricable confusion." Prior to May 1966, Schine and Schine & Co. lent $132,000 to the bankrupt, becoming general creditors of the limited partnership. During May of 1966, the bankrupt had other general creditors. Schine and Schine & Co. possessed financial information about the bankrupt and the corporation which was not known to the other general creditors, including the fact of insolvency.

In May 1966, Schine, knowing of the insolvency of the bankrupt and the corporation, its general partner, caused the bankrupt to sell a portion

of its real property and to pay $84,319.17, the proceeds of the sale, to Schine and Schine & Co. on account of the loans made by them to the bankrupt. Additional sums in an unknown amount were also paid by the bankrupt on the loans. As a result of the transaction, Schine and Schine & Co. received payment of the bankrupt's debts to them in a greater percentage than the other general creditors of the bankrupt.

On January 20, 1967, the bankrupt filed its petition under chapter XI of the federal Bankruptcy Act. It was adjudicated bankrupt on June 27, 1967, and bankruptcy proceedings are now pending in the federal district court. Appellant, plaintiff, is the trustee in bankruptcy appointed in the federal court proceeding. His complaint seeks damages from Schine and Schine & Co. in the amount of the $84,319.17 payment made by the bankrupt.

Relying upon Civil Code section 3432, the defendants filed their motion for judgment on the pleadings. The trial court granted the motion. We conclude that it erred in so doing.

■ Section 3432 of the Civil Code states: "A debtor may pay one creditor in preference to another . . . ." In the absence of fraud, a preferential transfer of assets by a debtor to one of his creditors is thus valid unless subject to attack under the federal bankruptcy law. (*Hibernia Sav. & Loan Soc.* v. *Belcher,* 4 Cal.2d 268, 273-274 [48 P.2d 681]; *Bradley* v. *Butchart,* 217 Cal. 731, 744 [20 P.2d 693]; *Taylor* v. *Bank of America,* 67 Cal.App.2d 59, 68 [153 P.2d 617]; *United States* v. *Eleven Certain Parcels of Land* (S.D.Cal.) 45 F.Supp. 289, 290; see also Civ. Code, § 3431.)[1] The general rule applies to preferences given to creditors of a partnership. (*Merced Bank* v. *Ivette,* 127 Cal. 134, 137 [59 P. 393]; *Crane Co.* v. *Dryer,* 9 Cal.App. 290, 297-298 [98 P. 1072].)

■ One who dominates and controls an insolvent corporation may not, however, assert the general immunity of creditor preferences from attack. He may not use his power to secure for himself an advantage over other creditors of the corporation. (*Title Ins. etc. Co.* v. *California Dev. Co.,* 171 Cal. 173, 205-207 [152 P. 542]; *Pepper* v. *Litton,* 308 U.S. 295, 311-312 [84 L.Ed. 281, 291-292, 60 S.Ct. 238]; *Heim* v. *Jobes* (8th Cir.) 14 F.2d 29, 34.) The corporate controller-dominator is treated in the same manner as a director of an insolvent corporation and thus occupies a fiduciary relationship to its creditors. (*Title Ins. etc. Co.* v. *California Dev. Co., supra; Pepper* v. *Litton, supra,* 308 U.S. at p. 306 [84 L.Ed. at pp. 288-289]; *Heim* v. *Jobes, supra;* see also *Bonney* v. *Tilley,* 109 Cal. 346,

---

[1]No issue concerning the federal Bankruptcy Act is raised in the case at bench.

351 [42 P. 439].) He is liable to those creditors for any preference he has taken for his benefit and to their disadvantage. In essence, the preference obtained for his personal benefit by a corporate controller-dominator is a species of fraud. As a fiduciary, he has violated his duty to the beneficiaries of his trust. As a guilty fiduciary, he is liable in quasi contract to the extent that he has unjustly enriched himself by his breach. (*Haurat* v. *Superior Court,* 241 Cal.App.2d 330, 334 [50 Cal.Rptr. 520]; 1 Witkin, Summary of Cal. Law (8th ed. 1973) Contracts, § 53.)

■ The complaint in the case at bench properly alleges dominance and control by Schine and his *alter ego,* Schine & Co., of the corporation which is the general partner of the bankrupt limited partnership. It alleges the insolvency of both and alleges that Schine personally and through his *alter ego* received preferential repayment of loans to the bankrupt partnership as a result of Schine's exercise of his power over the corporation general partner. It alleges that the other general creditors of the bankrupt were injured by that conduct. If, therefore, the general creditors of the bankrupt limited partnership occupy a status which entitles them to the protection afforded creditors of the insolvent corporation which is the only general partner of the bankrupt, appellant, as representative of those general creditors, has stated a cause of action in his complaint. The necessary status is established here. As the general partner of the bankrupt limited partnership, the corporation is responsible for its debts. (Corp. Code, §§ 15015, 15509.) Since we accept as true the allegations of the complaint that the limited partnership is insolvent, the corporation, as general partner, is liable to creditors of the partnership. That indebtedness entitles the creditors to enforce the fiduciary obligation of the controller-dominator of the corporation since it is irrelevant to the ultimate issue of fiduciary duty that the insolvent corporation's indebtedness is derivative rather than direct. The requisite status having been alleged to establish a cause of action to recover unjust enrichment of respondents, the measure of recovery is the amount of the enrichment at the expense of the beneficiaries in law (here the amount of the preferential excess of payment) regardless of the source of the enrichment in a partnership legally separate from the insolvent corporation but controlled and dominated by the same fiduciaries.

Respondents argue to the contrary, asserting that Civil Code section 3439.08 codifies the full scope of definition of fraudulent conveyances by partnerships. That statute reads: "Every conveyance of partnership property and every partnership obligation incurred when the partnership is or will be thereby rendered insolvent, is fraudulent as to partnership creditors, if the conveyance is made or obligation is incurred: (a) To a partner . . . (b) To a person not a partner without fair consideration to the partnership

as distinguished from consideration to the individual partners." Section 3439.08 is amplified by Civil Code section 3439.11 which states: "In any case not provided for in this [Uniform Fraudulent Conveyance] act the rules of law and equity . . . and in particular the rules relating to the law of principal and agent, and the effect of fraud . . . shall govern." Here a rule of law and equity governing fiduciary relationships and recovery for their breach is applicable and, by the provisions of section 3439.11, governs.

The judgment is reversed.

Wood, P. J., and Hanson, J., concurred.

A petition for a rehearing was denied November 29, 1973, and respondents' petition for a hearing by the Supreme Court was denied January 3, 1974.