[Civ. No. 6131. First Appellate District, Division Two.—February 27, 1928.]

FRED F. HEDDEN, Appellant, v. FRED A. WALDECK, Respondent.

W. W. Kaye for Appellant.

J. Marion Wright and George Beebe for Respondent.

KOFORD, P. J.—This action was filed August 30, 1922, to rescind for fraud the same agreement of exchange of real estate involved in *Waldeck* v. *Hedden, ante,* p. 485 [265 Pac. 340], case No. 6129. Both actions were filed on the same day. By stipulation these two actions with a third one, No. 6130, *Hedden* v. *Waldeck, ante,* p. 494 [265 Pac. 344], were tried at the same time upon the same evidence. Separate findings and judgments were given in each case. The court decided that the exchange should not be rescinded for fraud and gave judgment for defendant Waldeck. Plaintiff Hedden appeals.

Hedden agreed to exchange various lots and equities in Los Angeles for Waldeck's stock ranch in Tulare County, June 5, 1922. The fraudulent representations were alleged to have been made by Waldeck and his daughter, who was acting as his agent and mentor in the deal. These representations relate to the character and features of the ranch and to its value. The evidence printed fails to substantiate the necessary elements of actionable false representations concerning the features and character of the ranch. Most, if not all, of this part of the alleged representations concerned things which were plainly visible to Hedden from an inspection of the ranch which he made. The findings in favor of defendant upon this issue must be sustained.

Appellant's argument in attacking the judgment is centered upon the representations of value. The testimony of appellant shows that his error in entering into the agreement of exchange was caused by his misconception of the value of the ranch. The court found in effect that Hedden relied upon his own judgment and estimate of the value of the ranch and upon his general knowledge of values of surrounding lands; that Waldeck's statements and his daughter's statements upon value so far as made were expressions of opinion. The evidence warrants the conclusion that these statements are fairly classified as the ordinary puff talk usually indulged in by parties entering into an exchange deal in real estate. Appellant relies on *Crandall* v. *Parks,* 152 Cal. 772 [93 Pac. 1018]. That case holds that representations of value made under special circumstances and in a positive manner may amount to a representation of fact instead of opinion and may be relied upon; that if

relied upon they may support a rescission for fraud. In that case, however, the land was outside of the state, the plaintiff never visited it and never made any investigation of it nor of its value. Here, however, the plaintiff Hedden had some knowledge of the values of land in the vicinity. He had frequently traveled through this district as a ladder salesman and often had inquired about land values. He relied upon his own judgment to a great extent. His testimony is to the effect that he neglected to distinguish between the value of the valley land, concerning which his previous inquiries were made, and hill land, which was the general character of defendant Waldeck's ranch. Equity does not hold out relief for every mistake of judgment. In this case the evidence does not show that Waldeck was fraudulently taking advantage of the ignorance of one whom he knew to be relying upon his statements of value. Waldeck's statement was briefly to the effect that his ranch was worth $100,000, but that, owing to the illness of his wife, he would sacrifice it in exchange for Hedden's properties at a valuation of $47,500; that he had another purchaser in view who would pay more and if Hedden acted quickly he could turn about and make $10,000 by selling to that prospect. Absolute reliance upon these statements by plaintiff who had been a salesman is not established by the evidence.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.