[Civ. No. 7256. First Appellate District, Division Two.—March 6, 1930.]

AARON MICHAELS et al., Respondents, v. PACIFIC SOFT WATER LAUNDRY (a Corporation) et al., Appellants.

Walter J. Little, William B. Gilroy, Frank P. Doherty and Samuel J. Crawford for Appellants.

B. O. Tinglof and J. E. Haley for Respondents.

NOURSE, Acting P. J.—Petitioners sued under section 315 of the Civil Code, to test the validity of an election of directors of the respondent Pacific Soft Water Laundry Corporation. Petitioners had judgment from which three separate appeals were taken. The respondents Bull, Fletcher and Craft joined with the corporation in one appeal, the respondent Thompson appeals in his own behalf, as does the respondent Marine Bank of Ocean Park. All appeals are by stipulation heard upon the same bill of exceptions.

The controversy comes out of the same transactions which were considered in *Michaels et al.* v. *Pacific Soft Water Laundry,* this day decided (*ante,* p. 349 [286 Pac. 165]), and arises over the annual meeting of the stockholders of the Laundry Corporation held on May 19, 1927. At that meeting the Marine Bank of Ocean Park, represented by its agent and proxy, voted 21,500 shares of the capital stock of the Laundry Corporation as pledgee of the respondent Thompson, the shares of stock having been pledged to the bank as security for the sum of $10,000 which the bank loaned to Thompson. At that election the petitioners Michaels and Pervine and the respondent Craft were elected without controversy. If the stock represented by the bank was legally voted the respondents Bull and Fletcher would have been elected, but if this stock was not legally voted then, the petitioner Wright would have been elected as a director and the respondents Bull and Fletcher would each have received a tie vote for one position. The trial court found that the stock which had been issued to Thompson was void and that the bank could not vote it at the stockholders' meeting. It, therefore, gave judgment declaring the directors to be Michaels, Pervine, Craft and Wright, and directed a new election to be held on account of the tie vote between Bull and Fletcher. The sole question on this appeal is, therefore, whether the Marine Bank was legally entitled to vote this stock.

It is conceded that the pledgor Thompson failed to appear at the meeting in person or by proxy to vote the

stock. The right of the pledgee to be represented under such conditions is fixed by section 313 of the Civil Code. ██ Here the bank pleaded that it accepted the stock in the regular course of business and in good faith as security for a loan which was made in good faith, and that it had no knowledge of any facts or circumstances affecting the validity of the stock. In support of the allegation the bank offered the positive testimony of its vice-president, who was shown to have been the officer who had conducted all the proceedings relating to the loan. The petitioners offered no testimony of any character to the contrary, but the trial court found the allegation to be untrue. It was an essential part of the defense of the bank in this proceeding that it had received the stock in the ordinary course of business and in good faith and that it was not a party to any of the transactions complained of. What we have said in the other case concerning the rights of an innocent purchaser is applicable equally to the bank in this case, and the rule of *Green* v. *Caribou Oil Min. Co.,* 179 Cal. 787 [178 Pac. 950], is determinative. ██ Upon the evidence before it the trial court should have made a finding favorable to the bank upon this issue. The general rule is that the testimony of a witness cannot be wholly disregarded, but that unless it is impeached or contradicted by other testimony, by some presumption, or by an inference deducible from the facts proved, or unless it is inherently improbable, the trial court must accept it as true. (10 Cal. Jur. 1143; *Stewart* v. *Silva,* 192 Cal. 405, 410 [221 Pac. 191], concurring opinion; *Sun-Maid Raisin Growers* v. *Papazian,* 74 Cal. App. 231, 239 [240 Pac. 47].) This rule is particularly applicable to a case such as we have here where the issue is fraud or good faith. The presumption against fraud, which approximates the presumption against crime (*Truett* v. *Onderdonk,* 120 Cal. 581, 588 [53 Pac. 26]), the presumption that private transactions have been fair and regular, and the presumption that the ordinary course of business has been followed (sec. 1963, subds. 1, 19 and 20, Code Civ. Proc.) are all *evidence* of good faith of the bank in this particular, and a contrary finding cannot stand without some evidence rebutting them.

The two other appeals raise the same questions which have been considered in the other case. As to these appellants

the hearing on this petition consisted of a transcript of the record of the former case. As the judgment adverse to these appellants in that case has been reversed for further proceedings it necessarily follows that the judgment here must be reversed to await the outcome of those proceedings.

Judgment reversed.

Sturtevant, J., and Dooling, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 5, 1930, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 5, 1930.