[L. A. No. 15500. In Bank.—October 1, 1937.]

FRED F. HEDDEN, Respondent, v. FRED A. WALDECK et al., Defendants.

J. MARION WRIGHT, Cross-Complainant and Appellant, v. FRED F. HEDDEN et al., Cross-Defendants.

J. Marion Wright, *in pro. per.*, and Robert H. Dunlap, for Appellant.

Paul A. Tschirgi for Respondent.

CURTIS, J.—Some time prior to the 27th day of July, 1922, plaintiff entered into an agreement with one Fred A. Waldeck, whereby he agreed to exchange several pieces of property including one piece situated in the city of South Pasadena for the stock ranch of Waldeck and the personal property thereon in the county of Tulare. There was also a cash consideration of $5,000 to be paid Waldeck by Hedden. This agreement was duly executed by Waldeck and also by

plaintiff but not by plaintiff's wife, and the transaction went into escrow. Before any deeds were executed to the various pieces of property involved in this exchange, the plaintiff became, for some reason, dissatisfied with the deal and refused to consummate it. However, it appears that under the agreement of exchange Hedden took possession of the stock ranch in Tulare County and Waldeck went into possession of the South Pasadena property and refused to deliver possession of the same to plaintiff after demand was made upon him by plaintiff. Upon plaintiff's refusal to perform said agreement of exchange, three actions were instituted by the parties to said agreement, (1) An action by Waldeck against plaintiff for specific performance of the agreement of exchange; (2) An action for forcible entry and detainer by plaintiff against Waldeck for possession of the South Pasadena property; (3) An action by plaintiff against Waldeck to rescind the agreement of exchange by reason of false and fraudulent representations alleged to have been made by Waldeck in respect to the stock ranch in Tulare County. These three actions were tried together in the Superior Court of the County of Los Angeles, and resulted in a judgment in each action in favor of Waldeck and against Hedden, the plaintiff herein. An appeal was taken from each of said judgments. On these appeals the judgment in the action for specific performance was reversed on the ground that a portion of the real property which the plaintiff had agreed to exchange for Waldeck's stock ranch was community property, and the wife of plaintiff had failed to sign the agreement of exchange. (*Waldeck* v. *Hedden*, 89 Cal. App. 485 [265 Pac. 340].) The judgment in the forcible entry and detainer action was affirmed in so far as it related to the issues of forcible entry and detainer, but reversed in so far as it determined that Waldeck was entitled to the possession of said real property, the appellate court holding that inasmuch as the agreement of exchange was not binding upon the parties thereto by reason of plaintiff's wife's failure to sign the same, Waldeck could not remain in possession of the South Pasadena property. (*Hedden* v. *Waldeck*, 89 Cal. App. 494 [265 Pac. 344].) The judgment in the action for rescission was affirmed, the appellate court holding that there was no evidence of fraud on Waldeck's part in inducing Hedden to enter into the contract of exchange. (*Hedden* v. *Waldeck*, 89 Cal. App. 497 [265 Pac. 345].) Upon these decisions of the District

Court becoming final, the attorneys of Waldeck presented their bills for legal services rendered and cash advanced for costs, less amounts paid them by Waldeck. Waldeck was without the means to pay the bills presented by his attorneys and in settlement thereof deeded to them a three-fourths' interest in the stock ranch in Tulare County. The decisions in the three appealed cases became final in March and April, 1928, and the deed from Waldeck to Wright and Beebe was dated May 2, 1928, and recorded on May 7, 1928. Subsequently, George Beebe transferred his interest in said stock ranch to J. Marion Wright for the consideration of $800. Pending the litigation between Hedden and Waldeck the taxes on this ranch property had been allowed to go delinquent, and Wright, after the deed from Waldeck to Wright and Beebe, paid the sum of $717.81 in settlement of said delinquent taxes.

After the reversal of the judgment in the action for forcible entry and detainer that action came on for trial in the Superior Court of the County of Los Angeles for the limited purpose of determining who was entitled to the possession of the South Pasadena property heretofore referred to. In the original complaint the plaintiff in said action asked for judgment in the sum of $500 damages for ''waste and injury'' and $300 for the use and occupation of said premises. It was upon this complaint that the judgment appealed from and reversed was rendered. No amendment was ever made to this complaint. It is quite evident therefore that at the time the stock ranch was conveyed to Wright and Beebe, the amount of the demand against Waldeck in that action was only the sum of $800. Upon the trial, however, the plaintiff therein was given judgment for $6,000. This judgment was rendered on March 25, 1929. Execution was taken out on this judgment some two years after its rendition, and under said execution the right, title and interest of Waldeck in and to the stock ranch situated in Tulare County was sold to the plaintiff herein, and on August 3, 1932, the plaintiff herein received a sheriff's deed to said ranch. Basing his claim of ownership under said sheriff's deed to said real property, the plaintiff, on January 3, 1934, commenced this action to quiet his title to said stock ranch against Waldeck, Wright and Beebe, and three other defendants under fictitious names. Waldeck, Wright and Beebe answered denying plaintiff's claim of ownership, and Wright and wife

filed a cross-complaint in which they sought "to quiet the title of Wright to an undivided three-fourths of said ranch and of his wife to an undivided one-fourth thereof". The plaintiff answered this cross-complaint, setting forth the various steps through which Wright acquired his title to said ranch and alleged that there was no consideration for the deed from Waldeck to Wright and Beebe and that said deed was given in fraud of the creditors of Waldeck and in contemplation of the rendition of a judgment against Waldeck in the action for unlawful possession of real property then pending. Upon these pleadings the action went to trial and judgment was rendered quieting plaintiff's title to an undivided three-fourths of said real property, and quieting the title of cross-complainant Alice A. Wright to an undivided one-fourth of said real property. The validity of the judgment as to this undivided one-fourth of said real property in favor of Alice A. Wright is not questioned, but the defendant J. Marion Wright has appealed from that part of said judgment quieting plaintiff's title to an undivided three-fourths of said real property.

The basis of plaintiff's cause of action against the defendants and the ground upon which he claims to be the owner of said ranch is that the deed from Waldeck to Wright and Beebe was fraudulent and was executed with the intent to defraud his creditors and particularly to prevent the plaintiff from collecting his judgment of $6,000 out of property belonging to the defendant Waldeck.

It may be seriously questioned whether the pleadings sufficiently present the issue of fraud in the execution of said deed in the present action to determine the ownership of the real property in controversy. We will assume that the pleadings are sufficient for that purpose, and pass to the consideration of the contention of the appellant that the evidence is insufficient to support the finding of the trial court that the deed dated May 2, 1928, from defendant Fred A. Waldeck to J. Marion Wright and George Beebe, was made and delivered for the purpose and with the intent to delay and defraud the plaintiff Fred F. Hedden of his demand against Fred A. Waldeck in the action for the recovery of the possession of the South Pasadena property in which a subsequent judgment was rendered against Waldeck for the sum of $6,000.

■ "Fraud is odious and is never presumed; it must be established by proof. The presumption always is in favor of fair dealing, except, perhaps, where confidential relations are involved. This presumption has been held to approximate in strength that of innocence of crime." (12 Cal. Jur., p. 816, par. 71.) "Actual fraud is never presumed but must affirmatively be established. The evidence must amount to proof of fraud, and ■ where the circumstances of the transfer comport equally with the theory of honesty and fair dealing, fraud will not be found. The burden of establishing a debtor's fraudulent intent is therefore upon the one seeking to set aside the transfer. . . ." (12 Cal. Jur., p. 1057, par. 96.) In the case of *Levy* v. *Scott*, 115 Cal. 39, 42 [46 Pac. 892], in which this court reversed a judgment of the trial court setting aside a conveyance on the ground of fraud, we find the following statement: "So in this case, while there are circumstances in and of themselves unusual, or perhaps in their nature suspicious—circumstances upon which respondent builds a somewhat plausible 'theory' of collusion and fraud—these circumstances comport equally with the theory of honesty and fair-dealing, and there is nothing in them inconsistent with the claim that the transactions of plaintiff from beginning to end were upright and honorable."

In the case of *Michaels* v. *Pacific Soft Water Laundry*, 104 Cal. App. 366, 368 [286 Pac. 172], in which the judgment of the trial court was reversed, the court said: "This rule is particularly applicable to a case such as we have here where the issue is fraud or good faith. The presumption against fraud, which approximates the presumption against crime (*Truett* v. *Onderdonk*, 120 Cal. 581, 588 [53 Pac. 26]); ■ the presumption that private transactions have been fair and regular; and the presumption that the ordinary course of business has been followed (sec. 1963, subds. 1, 19 and 20, Code Civ. Proc.) are all *evidence* of good faith of the bank in this particular, and a contrary finding cannot stand without some evidence rebutting them."

In *Best* v. *Paul*, 101 Cal. App. 497, 498, 499 [281 Pac. 1089], in which the court affirmed a judgment in favor of the defendant in an action to set aside a deed charged to have been made to defendant fraudulently, the same rule is announced in the following language: "The presumption against fraud approximates in strength the presumption of

innocence of crime (citing authorities), and this presumption is evidence supporting the finding that the conveyances were the free and voluntary acts of the grantor and that they were not procured through the fraud or influence of respondent.''

Measured by the rule announced in the authorities just cited, and many others that might well be mentioned, that is, that fraud is never presumed, that this presumption approximates in strength the presumption of innocence, and that where the circumstances of the transaction comport equally with the theory of honesty and fair dealing, fraud will not be found, we seriously question the sufficiency of the evidence in this action to support the finding of the trial court that the deed from Waldeck to Wright and Beebe was made for the purpose of defrauding the respondent or preventing him from realizing upon the judgment subsequently recovered against Waldeck.

In the first place, it will be noted that the deed from Waldeck to Wright and Beebe was executed after more than five and one-half years of what appears from the record to have been litigation of intense bitterness. In this litigation not only were the rights of the parties under the contract of exchange sharply contested, but charges of fraud were then made by Hedden against Waldeck, which had to be met and defended by his attorneys. In this litigation Waldeck, after a trial nine days in length, was successful in all three actions in the superior court. In the appellate court the judgment in his favor in the action for rescission on the ground of fraud was affirmed and Waldeck was exonerated of this serious accusation. The judgment in the action for specific performance was reversed, not for any fault of Waldeck but by reason of Hedden's failure to have his wife sign the contract of exchange which involved in part community property. In the third action, for unlawful entry and detainer, the judgment was affirmed as to the issues of unlawful entry and detainer, but reversed as to the right of Waldeck to possession of the South Pasadena property, in view of the invalidity of the contract of exchange due to Hedden's wife's failure to sign said contract. Some idea of the importance of this litigation as to Waldeck, the client of Wright and Beebe, is reflected not only from the issues involved in which Waldeck was called upon to defend against the serious charges of fraud made by Hedden, but also from the judg-

ment in the action for rescission in which the trial court decreed the performance of the agreement of exchange as to the property described in said agreement and owned by Hedden at time of trial, but also gave judgment in favor of Waldeck against Hedden in the sum of $24,250, damages for failure to convey those portions of said property described in the agreement which Hedden was unable to convey to Waldeck by reason of his conveyance thereof to other persons after the execution of said agreement of exchange, and prior to the rendition of the judgment in the superior court. This litigation was concluded in the appellate courts on the 26th day of April, 1928, by a denial by this court of a petition for a transfer of the action for the possession of the South Pasadena property. Thereupon Wright and Beebe presented their bills for services rendered in said litigation. Wright's bill was for $4,000, less a few hundred dollars by reason of cash received by him from Waldeck in an amount exceeding costs which he had paid out in said actions. Beebe's bill was for $4,500, less $900, which Waldeck had paid him on account. The combined bills approximated the sum of $7,000. Another fact to be kept in mind and which has a material bearing, in our opinion, upon the intent of Waldeck, Wright and Beebe in executing and accepting the said deed in payment of the attorneys' fees, is that at the date of the execution of said deed the only demand which Hedden then made against Waldeck in his action involving the South Pasadena property was the sum of $800, $500 for waste to said real property, and $300 for the possession thereof. Something like a year after the execution and delivery of the deed from Waldeck to Wright and Beebe the judgment of $6,000 was rendered in said action for the use and occupation of said real property.

Viewing this evidence in the light of the presumptions applicable to conveyances claimed to have been fraudulently entered into, we have no hesitancy in holding that it is insufficient to establish fraud on the part of those involved in the transaction. Their acts were perfectly consistent with the theory of honesty and fair dealing. The attorneys were entitled to a reasonable fee for their services. In case their client owned no other property, they had the right to take in payment the property in controversy (*Hibernia Sav. & Loan Soc.* v. *Belcher*, 4 Cal. (2d) 268 [48 Pac. (2d) 681]), and the transaction may not be declared fraudulent for the

reason that by deeding the property the client was rendered insolvent. (*Hibernia Sav. & Loan Soc.* v. *Belcher, supra.*) It is presumed that the attorneys, in fixing their fees, acted honestly, and only asked of their client fees which they considered reasonable. The trial of the cases in the superior court consumed nine days. The record on appeal was voluminous. The amount involved was large, and the issues, in addition to involving property of considerable value, seriously reflected on the honesty and integrity of their client. The attorneys are reputable members of the bar of this state and then and during a number of years preceding said transaction enjoyed a lucrative practice. No attempt was made to assail their reputation for honesty and integrity. It is true that the evidence shows that Wright is the son-in-law of Waldeck, but this fact does not even raise a presumption of fraud. (*Best* v. *Paul, supra,* at p. 499; *Wilbur* v. *Wilbur,* 197 Cal. 1, 14 [239 Pac. 332].) The claim is made that Wright is holding the property conveyed to him by Waldeck for the use and benefit of the latter, but there is not one word of testimony in the record to support that claim and there is ample evidence to the contrary.

We have not lost sight of the fact that the trial court fixed the fees of the two attorneys at $1,000 each. This was done without any evidence on the part of the plaintiff as to the question of the reasonableness of said charges and contrary to the evidence of both Wright and Beebe that the fees charged by them were fair and reasonable. While the court is vested with a wide discretion in fixing the value of fees of attorneys, and may do so without any evidence either by expert or lay witnesses, its award will not be disturbed unless there has been an abuse of discretion. (*City of Los Angeles* v. *Los Angeles-Inyo Farms Co.,* 134 Cal. App. 268 [25 Pac. (2d) 224].) After a reading and study of the entire record in this case in the light of the presumptions applicable to transactions like that involved here, we find ourselves unable to conclude that the trial court did not abuse its discretion in fixing the attorney's fees of Wright and Beebe at the amounts named above. On the other hand, when we consider the importance of the litigation in which they were employed, the serious charge against their client, which they were called upon to defend, the time spent in preparing for trial and in the trials, as well as that spent in defending the appeals from the judgments in said action, and the

long duration of the litigation through three courts of record of this state, we are not able to hold that the fees charged were unreasonable. They closely approximate the value of the property conveyed by Waldeck. There was therefore a legal, and we think also an adequate, consideration for the conveyance to the attorneys. While the conveyance might have been set aside by proper bankruptcy proceedings by a creditor, it could not be so disposed of by an action of a creditor on the ground that it gave preference to one creditor over another. (*Hibernia Sav. & Loan Soc.* v. *Belcher, supra.*)

The record in our opinion lacks evidentiary support for the finding of the trial court that the deed from Waldeck to Wright and Beebe was fraudulent and that it was given or accepted for the purpose of preventing the plaintiff from realizing upon his judgment subsequently rendered in his favor against Waldeck.

The other questions discussed in the briefs of the parties are not of importance in view of our conclusion that the evidence is insufficient to support the charge of fraud.

The judgment is reversed.

Edmonds, J., Shenk, J., Langdon, J., Nourse, J., *pro tem.*, and Waste, C. J., concurred.