[Civ. No. 12330. First Dist., Div. Two. May 19, 1943.]

LESTER B. MILLARD, Appellant, v. MILDRED L. EPSTEEN, Respondent.

Landels, Weigel & Crocker and Landels & Weigel for Appellant.

Jewel Alexander and Elliot M. Epsteen for Respondent.

SPENCE, J.—Plaintiff sought to set aside an alleged fraudulent conveyance from Anne E. Stolz to defendant Mildred L. Epsteen. Said defendant filed an answer denying practically all of the material allegations of the complaint and also filed a cross-complaint to quiet title. The trial court found in favor of said defendant and cross-complainant upon the material issues made by the pleadings and entered its judgment accordingly. Plaintiff appeals from said judgment.

Plaintiff's complaint was apparently drawn upon the theory that the conveyance was void under the provisions of both sections 3439 and 3442 of the Civil Code as said sections read prior to their repeal in 1939.

Section 3439 then read: "Every transfer of property or charge thereon made, every obligation incurred, and every judicial proceeding taken, with intent to delay or defraud any creditor or other person of his demands, is void against all creditors of the debtor, and their successors in interest, and against any person upon whom the estate of the debtor devolves in trust for the benefit of others than the debtor."

Section 3442 then read: "In all cases arising under section twelve hundred and twenty-seven, or under the provisions of

this title, except as otherwise provided in section thirty-four hundred and forty, the question of fraudulent intent is one of fact and not of law; nor can any transfer or charge be adjudged fraudulent solely on the ground that it was not made for a valuable consideration; provided, however, that any transfer or encumbrance of property made or given voluntarily, or without a valuable consideration, by a party while insolvent or in contemplation of insolvency, shall be fraudulent, and void as to existing creditors.''

The distinction between the provisions of the two sections has been indicated in numerous cases. (*Vogel* v. *Sheridan,* 4 Cal.App.2d 298 [40 P.2d 946]; *Allee* v. *Shay,* 92 Cal. App. 749 [268 P. 962]; *Hanscome-James-Winship* v. *Ainger,* 71 Cal.App. 735 [236 P. 325].) ▮ As pointed out in said authorities, the question of actual intent is of controlling importance in actions brought under section 3439 while the question of actual intent is immaterial in actions brought under the proviso in section 3442. ▮ Furthermore, the proviso of section 3442 is not applicable to a conveyance made for a valuable consideration. (*Security Trust Co.* v. *Silverman,* 210 Cal. 578, 579 [292 P. 636]; *Fares* v. *Morrison,* 54 Cal. App.2d 773 [129 P.2d 735]; *Shasta Lumber Co.* v. *McCoy,* 85 Cal.App. 468 [259 P. 965]; *Hopkins* v. *White,* 20 Cal.App. 234 [128 P. 780].)

Plaintiff alleged in his complaint that during the pendency of an action by plaintiff against Anne E. Stolz and others, said Anne E. Stolz conveyed to defendant Mildred L. Epsteen by a deed dated March 10, 1939, her undivided one-half interest in certain real property in San Francisco; that said conveyance was made ''wholly without consideration and with intent to hinder, delay and defraud creditors and particularly this plaintiff''; and that ''Anne E. Stolz was, prior to and at the time of the making of said conveyance, and became, by reason of said conveyance, and still is, insolvent.'' The trial court found that Anne E. Stolz conveyed said property to defendant Mildred Epsteen in March 11, 1939, by delivering to her a valid deed thereto; that said deed was made and delivered ''for a valuable, adequate and sufficient consideration and which consideration was equivalent to the value of the interest in the real property so conveyed''; and that the conveyance was not made with intent to delay or defraud plaintiff or any creditor.

In his opening brief, plaintiff states that said findings

were "against the great weight of the evidence," but it is apparent from his reply brief that his contention is that the evidence was wholly insufficient to support said findings. We find no merit in this contention.

The evidence showed that Anne E. Stolz and her sister, defendant Mildred L. Epsteen, had inherited undivided one-half interests in the real property in question from their mother; that Anne L. Stolz was indebted to defendant Mildred L. Epsteen at the time the conveyance under attack was made in the sum of $6,136.60 for money previously advanced to and on behalf of said Anne E. Stolz and that said defendant gave to said Anne E. Stolz a receipt for the payment of $5,000 of said indebtedness at the time the conveyance was made. The trial court found that the reasonable value of interest so conveyed was $4,400 and it is conceded that there was ample evidence to sustain said finding. The evidence further showed that Anne E. Stolz also owned securities having a value in excess of $4,000 which she did not dispose of until some time after plaintiff had subsequently obtained judgment against her in the sum of $3,000.

Plaintiff sets forth defendant's testimony and states "This was defendant's explanation of the conveyance to her. If there had been no other evidence before the trial court, it would have been reasonable for it to accept this explanation and made findings of fact accordingly. However, there was before the trial court evidence which showed that defendant's explanation was unfounded in true fact." We find no other evidence which would warrant an appellate court in declaring that the trial court was not justified in accepting defendant's testimony. The most that can be said is that the evidence to which plaintiff refers might have warranted the trial court in making contrary findings if the trial court, after hearing such evidence and after judging the credibility of the witnesses, had determined that defendant's explanation was "unfounded in true fact." But the question of the credibility of witnesses and of the weight to be given to the testimony was a question for the trier of the facts.

The trial court found upon ample evidence that the conveyance was made for a valuable consideration and, under the authorities above cited, the proviso of section 3442 was therefore inapplicable. The trial court further found that the conveyance was not made with intent to delay or defraud any creditor and if that finding is supported, plaintiff was not entitled to recover under section 3439. There was no direct

testimony to show any intent to defraud on the part of the grantor, who was not a witness, and the evidence shows that the defendant Mildred L. Epsteen knew nothing of the pendency of plaintiff's action against the grantor. The presumption, except where confidential relations exist, is against fraud and in favor of fair dealings. (*Hedden* v. *Waldeck*, 9 Cal.2d 631 [72 P.2d 114] ; *Casey* v. *Leggett*, 125 Cal. 664 [58 P. 264] ; *Farmers' Auto etc. Exch.* v. *Calkins*, 39 Cal.App. 2d 390 [103 P. 2d 230].) If we assume, without deciding, that there was evidence which might have warranted an inference that there was an intent to delay or defraud plaintiff, it cannot be said that the evidence was such as to compel a finding to that effect. We therefore conclude that the findings of the trial court find ample support in the evidence.

 In conclusion, we may state that the law of this state expressly permits a debtor to pay one creditor in preference to another (Civ. Code, sec. 3432) and while under certain circumstances, a transfer resulting in a preference may be set aside for the benefit of all creditors in a bankruptcy proceeding, such transfer may not be set aside in action of this kind solely because a preference may have resulted. (*Hedden* v. *Waldeck*, 9 Cal.2d 631 [72 P.2d 114] ; *Hibernia Sav. & Loan Society* v. *Belcher*, 4 Cal.2d 268 [48 P.2d 681].)

The judgment is affirmed.

Nourse, P. J., and Dooling, J. pro tem., concurred.