162

## UNITED STATES v. DE MARTINI et al.
### No. 21591–S.

District Court, N. D. California, S. D.

Oct. 20, 1943.

Frank J. Hennessy, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for plaintiff.

Albert Picard, of San Francisco, Cal., for defendants.

ST. SURE, District Judge.

Louis and Josephine DeMartini filed an income tax return for the years 1927 and 1928 and paid the tax shown to be due; thereafter notices of deficiency were given them by the Commissioner of Internal Revenue, showing a deficiency of $7,300 for the year 1927, and of $24,432.44 for the year 1928. Appeals were taken by the taxpayers from both deficiency notices in May of 1931. Issue was joined on September 30, 1931, and on October 3, 1933, the decision of the Board of Tax Appeals was entered dismissing the complaint and determining the deficiency for each year in the amounts stated above, plus interest in the sum of $9,268.75, making a total of $41,-001.19. The assessments came down on November 4, 1933. On October 22, 1931, while the cases were pending before the Board of Tax Appeals, defendant Louis De Martini and his wife, Josephine, for an alleged consideration of $10, deeded to Stephen DeMartini, brother of Louis De-Martini, their interest in seven parcels of real estate situated in San Francisco. The complaint alleges the value of the property to be not less than $16,000. Defendants allege that the property is worth no more than $11,834.

On January 2, 1932, Louis DeMartini, for an alleged consideration of $100, conveyed to his mother, Rosa DeMartini, all of his interest in his residence property. The complaint alleges that the value of this property is $30,000. The answer states that the value is $12,000.

The Government seeks judgment against defendant Louis DeMartini for the amount of the taxes, and further seeks to set aside the transfers of real property made by Louis DeMartini and his wife, Josephine, on the ground that such transfers rendered Louis DeMartini insolvent; that they were without consideration; and were made with the intent to defraud plaintiff of the income taxes due to it. The only defendants against whom relief is asked are Louis DeMartini, Josephine DeMartini, the estate of Stephen DeMartini, substituted as defendant after the death of Stephen De-Martini, and the estate of Rosa DeMartini, substituted as defendant after the death of Rosa DeMartini. Neither Rosa DeMartini nor her estate have been served or have they appeared in the action.

The court will first consider the transfer or the seven parcels of real estate to Stephen DeMartini. Louis DeMartini makes the claim that he and his brother were partners in certain stock transactions over a period of four years, and that he

owed his brother $12,000, which he states to be the value of the real estate, because of overdrawals on his part from their stock partnership, and because the stock remaining in the partnership was distributed to him when the partnership was closed. The matter was referred to a Special Master to ascertain the state of accounts between the brothers. Because of the paucity of records available and because certain accounts which Louis De Martini claimed were partnership accounts, stood only in the name of Louis DeMartini, the Special Master was unable to determine whether or not there were overdrawals by Louis DeMartini, but it appears that the brothers did have stock dealings together. The fact that the records are incomplete cannot necessarily be attributed to a desire on the part of defendants for concealment, because the transactions between the brothers were completed some nine years before the trial, and also, because of the family relationship, it might be that they felt it unnecessary to keep records as accurate as those in the ordinary business transaction.

In my opinion the Government has been unable to controvert, except by conjecture and speculation, the evidence that there was consideration for the transfer of the real estate to Stephen DeMartini.

With regard to the transfer by Louis DeMartini to his mother of the residence property, at the present state of the case this court would in no event have jurisdiction to set aside the transfer because, as above stated, neither the transferee nor her estate have been served nor has either of them appeared in this action.

However, assuming that an effective service could be made at this time, it does not appear that the court would be justified in finding that this transfer was without consideration. Louis DeMartini testified that after the transfer he paid rent of $50 a month to his mother, although there was a conflict in the evidence as to whether he paid $40 or $50. The income tax return of his mother shows that she received rent from him in the amount of $40 over a period of nine months. The Special Master found evidence that Louis DeMartini had received cash and stock from his mother in excess of the $30,000 which is alleged by plaintiff to be the value of the home property. The stock constitutes the bulk of this debt, and in a second supplementary account filed by the Special Master, he showed transfers of stock to the other two children made by their mother at the same time. Louis DeMartini claimed that these were all loans and not gifts. While the position of the Government that they appear to have been gifts may under the circumstances be a logical one, it cannot apparently be substantiated by evidence, and therefore this view cannot be accepted by the court.

To establish fraud the evidence must be clear and convincing, more so than in the ordinary civil case. Hedden v. Waldeck, 9 Cal.2d 631, 636, 72 P.2d 114; Michaels v. Pacific Soft Water Laundry, 104 Cal.App. 366, 368, 286 P. 172; Truett v. Onderdonk, 120 Cal. 581, 588, 53 P. 26. While the evidence produced by defendants is in some respects vague and unsatisfactory, the plaintiff has failed to sustain the burden of proving that the transfers were without consideration.

Plaintiff is entitled to judgment against defendant Louis DeMartini in the amount of $41,001.19, with interest from November 4, 1933, and for costs.

The Special Master, James F. Gillin, will be allowed a fee of $1,250, which is considered to be reasonable for his services. This fee shall be paid by defendant Louis DeMartini.

The action against defendants Josephine DeMartini, Stephen DeMartini, Rosa DeMartini, Julia DeMartini, Giovanni DeMartini, the estate of Rosa DeMartini, and the estate of Stephen DeMartini, will be dismissed.

Plaintiff may submit findings of fact and conclusions of law in accordance herewith.