[Civ. No. 14754. Second Dist., Div. One. Aug. 17, 1945.]

EMILE A. DOUILLARD, Appellant, v. LLOYD C. SMITH et al., Defendants; MELANIE D. WOODD et al., Respondents.

J. M. Clements, Thomas Higgins, Jr., Robert E. Austin and John N. Helmick for Appellant.

Fred W. Heath and Daniel A. Knapp, in pro. per., for Respondents.

YORK, P. J.—Plaintiff appeals from an adverse judgment in an action to quiet title to real property, the second amended complaint praying that the judgment in the case of *Hovey* v. *Woodd,* hereinafter referred to, be declared "void and of no force or effect."

It is disclosed by the record herein that respondents Knapp and Heath are attorneys at law and have represented respondent Woodd in various matters since 1932. Mrs. Emily Donahue was the mother of appellant Emile A. Douillard, Frank Douillard, respondent Melanie D. Woodd, and another daughter, who predeceased Mrs. Donahue, but left two children surviving her. After Mrs. Donahue's death in 1937, her estate was probated and the assets partitioned and distributed. Immediately thereafter, the two Douillard brothers and the children of the deceased sister, demanded payment of $7,500 to them by respondent Woodd, in accordance with the latter's alleged oral agreement to do so in the event they refrained from contesting Mrs. Donahue's will when it was presented for probate by respondent Woodd. Said respondent failed to make the payment demanded, and on January 17, 1939, the Douillard brothers and the two children brought action against her to recover said sum of $7,500.

Thereupon, respondent Woodd employed respondents Heath and Knapp to defend her in said action, hereinafter referred to as the Douillard case, but no arrangements were made with respect to the payment by respondent Woodd of any attorneys' fees in connection with that case, or for services theretofore rendered by said attorneys to Mrs. Woodd.

The Douillard case was tried, and on April 2, 1940, the trial judge announced his decision for the plaintiffs therein, and on April 25, 1940, he signed a several judgment in favor of appellant Emile A. Douillard for the sum of $2,500. Meanwhile, on April 9, 1940, respondents Heath and Knapp had a conference with respondent Woodd, at which time fees for services rendered by said attorneys were discussed for the first time with respondent Woodd. Mr. Heath told Mrs. Woodd that he would like to have a settlement of his fees which he told her amounted to $4,000 or $4,500, and also that Mr. Knapp's fees totalled $3,000 or $3,500. Mrs. Woodd acknowledged that she owed attorneys' fees but thought these figures were too high, and as a result of the discussion it was decided that attorneys Knapp and Heath should assign their claims to respondent Dr. M. E. Hovey, who would bring a friendly suit against Mrs. Woodd and ask the court to fix the amount of such attorneys' fees. Such suit was filed April 11, 1940, the complaint therein alleging an indebtedness by Mrs. Woodd to attorneys Heath and Knapp in the amount of $7,000 for legal services rendered by them. Attachment issued therein against Lot 11, Tract 314, owned by respondent Woodd. Mrs. Woodd was represented by attorney Martindale. At the trial, in addition to the testimony of the respondent Heath, letters were introduced in evidence addressed by Mrs. Woodd to attorneys Heath and Knapp in which she acknowledged that their services were reasonably worth $2,500 and $1,500, respectively, whereupon judgment was rendered for the sum of $4,000 in favor of M. E. Hovey and against Mrs. Woodd. Execution on said judgment issued on July 17, 1941, but no levy was made on the real property covered by the attachment until September 8, 1942, when Lot 11, Tract 314, was sold by the Sheriff of Los Angeles County to M. E. Hovey.

Meanwhile, on August 3, 1942, the judgment rendered against respondent Woodd in the Douillard case was affirmed on appeal, and on March 15, 1943, by virtue of an execution theretofore issued on said judgment on October 15, 1942, the sheriff sold said Lot 11, Tract 314, to appellant Emile A. Douillard for $1,500.

Subsequently, appellant Emile A. Douillard brought the instant action to quiet title to said Lot 11, Tract 314, against the claims arising out of the *Hovey* v. *Woodd* action, it being alleged in paragraph IV of the second amended complaint that "for the purpose of delaying plaintiff and defrauding him

out of the collection of the moneys due to him from the defendant Woodd, and the collection of the judgment thereon hereinabove mentioned, the defendants Woodd, Knapp, Heath and Hovey conspired together to so cloud and encumber the title to said property that plaintiff would not be able to collect his judgment therefrom, and for the purpose of carrying into effect said conspiracy, the defendants Knapp, Heath and Hovey, filed a suit in the Superior Court of Los Angeles County on the 11th day of April, 1940, entitled: *M. L. Hovey* v. *Melanie D. Woodd, No. 45082,* wherein defendant Hovey was the plaintiff, and the defendants, Heath and Knapp, acted as his attorneys, in which it was falsely alleged that the defendant Melanie D. Woodd had been indebted to the defendants Heath and Knapp in the sum of Seven Thousand Dollars ($7,000.00) and that said Heath and Knapp had sold and assigned their claims against the defendant Woodd to the plaintiff Hovey and that nothing whatsoever had been paid thereon, and that there were no credits against said amount.''

The trial court found that respondent Woodd owed respondents Heath and Knapp; that they did not conspire together ''to cloud or encumber the title to said property in fraud of the rights'' of appellant; that the Hovey action for attorneys' fees was not filed ''for the purpose of carrying out any conspiracy, or for the purpose of defrauding'' the appellant, and that the judgment therein was not procured by said respondents ''for the purpose of delaying or defrauding'' appellant out of the collection of his judgment.

Appellant ''attacks the judgment (in the Hovey action) not because of any errors or irregularities in the case, but solely because the judgment was procured by the fraud and collusion of respondents in deceiving and misleading the court into rendering the judgment.'' In this connection, he urges that the whole course of conduct on the part of respondents Heath and Knapp ''shows that their only purpose in filing the Hovey suit was to tie up the property of the defendant Melanie D. Woodd, before the plaintiff in the Douillard case could run an execution on it''; and that ''Mrs. Woodd in entering the conspiracy and participating in the fraud and collusion confessed a judgment in favor of Hovey.''

As has been many times declared, fraud presents a question of fact, is never presumed, and must be clearly established. ''Courts have used a variety of expressions in

characterizing the sufficiency of evidence to establish fraud. Thus it has been said that the evidence or the inferences to be. drawn from the evidence must be clear, clear and satisfactory, clear and convincing, clear, convincing and unequivocal, full and complete, and strong and decisive. A mere suspicion of fraud is never sufficient. Consequently, when the plaintiff's case goes no further than to establish a state of facts from which the inference of fraud may or may not reasonably be drawn, he has failed to establish his charge.'' (12 Cal.Jur. § 81, p. 832, and authorities there cited.)

 An examination of the record discloses substantial evidence to support the findings and judgment of the trial court. Respondent Woodd admitted liability for legal services rendered in her behalf by respondents Heath and Knapp. The latter testified that they had represented Mrs. Woodd in various matters over a long period of time without receiving any compensation. Further, they made a lengthy recital of the various legal services performed by them which included an appeal from the judgment in the Douillard case. On the other hand, the evidence presented by appellant, if believed, raised merely a suspicion of fraud on the part of respondents. Having alleged fraud and collusion, the burden was upon appellant to establish his charge, and overcome the presumption of honesty and fair dealing by evidence of convincing force. (*Fares* v. *Morrison,* 54 Cal.App.2d 773, 776 [129 P.2d 735], citing *Hedden* v. *Waldeck,* 9 Cal.2d 631 [72 P.2d 114].) See, also, *Mayock* v. *Splane,* 56 Cal.App.2d 563, 572 [132 P.2d 827], where this court asserted, quoting from *American Box & Drum Co.* v. *Harron,* 44 Cal.App.2d 370, 377 [112 P.2d 332] : '' 'In the absence of proof of facts and circumstances which constitute fraud as a matter of law, we are not prepared to say that the trial court was incorrect in drawing an inference of fair dealing rather than of corrupt practice. In *Estate of Ross,* 199 Cal. 641, 651 [250 P. 676], the court said: ''It is true that the trial court is the exclusive judge of the weight to be given to the evidence, but it is also true that the presumption is in favor of honesty and fair dealing (see *Estate of Sweetman, supra,* at p. 28 (185 Cal. 27 [195 P. 918])), and the burden is upon the party asserting the fraud to prove it by some substantial evidence (12 Cal.Jur. 817). The facts and circumstances shown in evidence must have given rise at least to a reasonable inference of fraud and not a mere suspicion thereof (*Roberts* v. *Burr,* 135 Cal. 156 [67 P. 46]).

Indeed it has been held that 'if there be two inferences equally reasonable and equally susceptible of being drawn from the proved facts, the one favoring fair dealing and the other favoring corrupt practice, it is the express duty of the court or jury to draw the inference favorable to fair dealing.' (*Ryder* v. *Bamberger*, 172 Cal. 791 [158 P. 753].)'' ' ''

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.

A petition for a rehearing was denied September 5, 1945, and appellant's petition for a hearing by the Supreme Court was denied October 15, 1945.