[Civ. No. 4109. Fourth Dist. Feb. 11, 1950.]

HENRY G. OWEN et al., Appellants, v. HOWARD McDONALD et al., Respondents.

Meyer & Dreizen, N. D. Meyer and Samuel Dreizen for Appellants.

James E. Walker for Respondents.

MUSSELL, J.—Action for recision of contract for purchase of personal property and for damages. Plaintiffs and defendants entered into a written agreement contained in escrow instructions wherein plaintiffs agreed to buy and defendants to sell the furnishings, fixtures, equipment, stock in trade and good will of the business known as "McDonald's Cottage Shops" in the city of Anaheim. The purchase price of $9,000 was deposited in escrow, together with the sum of $500 to cover two months' rent on the premises and one-half of the escrow fee and other items. The agreement was dated April 13, 1948, and provided, among other things, for the publication of a notice of intention to sell as required by the provisions of section 3440 of the Civil Code. This notice contained a recital that the purchase price would be paid at 10 o'clock a. m., on the 21st day of April, 1948. Possession of the premises was given to plaintiffs on April 16th and all adjustments and "prorations" in the escrow were to be made as of that date. The instructions further provided that in the event the conditions thereof had not been fulfilled at the time provided, the escrow company was instructed to complete the escrow, unless written demand was made upon it for the return of money and instruments deposited by the parties. Time was not made the essence of the agreement and it contained no definite closing date. The escrow instructions also contained a provision that the sellers should obtain for the purchasers a copy of the lease covering the premises, together with an assignment thereof, assigning it to the plaintiffs, husband and wife as joint tenants.

On April 21st, 1948, the plaintiffs gave notice in writing to the escrow company, cancelling all previous instructions and

demanding the return of the funds deposited by them in the escrow and on June 3, 1948, filed the instant action for recision of the contract to purchase and for damages, alleging, among other things, that upon taking possession of the premises, the following items were missing: one automatic toaster, two ladles, one exhaust fan, one sugar scoop and several glass pie plates, which were listed in the inventory previously furnished; that the assignment of the lease had not been made as agreed and that the defendants had falsely and fraudulently represented to the plaintiffs that the average daily gross income of the business was $131.11, the average daily expense $90.55 and the daily net income of the profit was running $40.56; that the average daily gross business for the year 1947 was between $100 and $130, with a net income of approximately $40 per day and that the plaintiffs were induced to enter into the contract to purchase by reason of these representations.

The action was tried by the court without a jury and plaintiffs appeal from a judgment in favor of the defendants.

The court found that the assignment of the lease was made and deposited in escrow within the time allowed therefor; that no items were missing which should have been included in the inventory; that it was not true that the defendants or either of them falsely or fraudulently represented the average daily gross income, the expenses or net income of the business. It was further found that the plaintiffs had not relied upon any such representations and were not induced thereby to enter into the contract of purchase. The plaintiffs attack these findings upon the ground that they are contrary to the evidence.

There is substantial evidence in the record to support the finding of the court that no items of personal property were missing which should have been included in the inventory and that the described items were not intended by the parties to be included therein. While the evidence is conflicting in this respect, the court's finding will not be disturbed on appeal. (*Fackrell* v. *City of San Diego*, 26 Cal.2d 196, 207 [157 P.2d 625, 158 A.L.R. 625]; *Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183].)

There is a sharp conflict in the evidence concerning the alleged misrepresentations as to the income and expenses of the business. Defendant Howard McDonald testified that some time in January, 1948, he gave plaintiff Henry G. Owen a copy of the capital investment record of the business; that

Mr. and Mrs. Crawley (who were interested with the plaintiffs in the operation of the restaurant) were present; that there was a general discussion of the business and the quoted price; that he told them the gross income had been from $100 to $130 a day; that the gross income shown on the capital investment record was correct for the period of October 3, 1947, to December 18, 1947; that he made no statement to the Crawleys or anyone else concerning his net income and that in the early part of April, 1948, he informed the Crawleys that the average income would vary between $55 and $125 a day; that he gave plaintiff Owen the figures of his March, 1948, expenses and that they were correct to the best of his knowledge; that he had not discussed the contents of the capital investment record with the plaintiffs and had informed the Crawleys of the dates covered by the capital investment record.

There was testimony by William P. Watson, the real estate broker who handled the transaction for the defendants, that he had discussed the profit and loss schedule and the capital investment record with the Crawleys and had stated to them that the figures were accurate as to income, but as to the expenses, it was an estimate by Mr. McDonald and not accurate.

The testimony of the plaintiff Owen and the Crawleys as to the representations made by defendant McDonald was not clear, satisfactory and convincing. Mr. Owen testified that the only representation made to him by McDonald before April 13th was that the business grossed daily from a "hundred to a hundred and thirty dollars" and in his cross-examination on the subject Owen stated that he believed that Mr. McDonald's figures were from $100 to $130 a day; "that there wasn't any definite figure given; that he did not recall whether McDonald had represented that the gross expense was $90.55 per day."

Owen further testified that he and the Crawleys "figured it out" that there would be $40 a day net profit from information given them on the 13th of April, but in his cross-examination Owen stated that he did not recall that there was any statement made on the 13th day of April concerning the gross daily receipts.

The inconsistencies of the statements of the plaintiffs as to the claimed representations may well have resulted in the decision of the trial court to believe the testimony of the defendants, which it apparently did. Whether fraudulent representations were made was a question of fact for the court.

(*Doulliard* v. *Smith,* 70 Cal.App.2d 522, 525-6-7 [161 P.2d 378].) Under the circumstances, the finding that there were no fraudulent representations made is conclusive on appeal.

■ A finding of wilful fraud must be based upon evidence that is clear and convincing and free from ambiguity. (*Podlasky* v. *Price,* 87 Cal.App.2d 151, 161 [196 P.2d 608].)

■ Appellants' final argument that an assignment by the defendants of the lease had not been made in escrow on April 21st is without merit. The contention apparently is based upon the fact that the consent of the owner of the property, defendants' lessor, had not been obtained in writing on said date. The lease provided that the lessees were "not to assign this lease nor sublet the premises or any part thereof without the consent in writing of lessors or either of them first had and obtained." The escrow instructions were silent as to who should obtain the consent of Dr. Jacobs, owner of the property, to the assignment of the lease to plaintiffs herein. The record indicates that both McDonald and Owen had been to see Dr. Jacobs some time before April 21st and that he had told McDonald that he had no objection to the assignment of the lease "as long as he got someone that was responsible." It further appears that written consent was given to the assignment by Dr. Jacobs and his wife, which consent was dated April 21, 1948, but not put in escrow, until a few days later. The trial court found that it was not true that the assignment by defendants of said lease had not been made in escrow by 10 o'clock a. m., April 21, 1948, and we cannot say that such finding is unsupported by the evidence.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied February 28, 1950, and appellants' petition for a hearing by the Supreme Court was denied April 11, 1950.