131 F.3d 145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CAL-CIRCUIT ABCO, INC., Plaintiff-Appellee,
v.
GENESIS IMAGING TECHNOLOGIES, INC., Defendant,
and
Harvey Plowfield, Defendant-Appellant.
 Nos. 96-55923, 96-56247.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 5, 1997**
Decided Nov. 21, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CV-94-07495-ABC(JR); Audrey B. Collins, District Judge, Presiding.
 
 
 2
 Before: BROWNING, BRUNETTI and FERNANDEZ, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Harvey Plowfield, who was president of Genesis Imaging Technologies, Inc., appeals the district court's determination that he was the alter ego of Genesis, or, more accurately, that Genesis was his alter ego. The result of that determination was that Plowfield was held liable for the default judgment obtained against Genesis by Cal-Circuit ABCO, Inc. in this litigation, and for attorneys' fees under the contract which Cal-Circuit had with Genesis. The district court granted summary judgment against Plowfield, he appealed, and we affirm.
 
 
 5
 Imposition of alter ego liability flows from equitable considerations and is applied when a shareholder of a corporation has used the corporate form "unjustly and in derogation of the plaintiff's interests." Mesler v. Bragg Management Co., 39 Cal.3d 290, 300, 702 P.2d 601, 606, 216 Cal.Rptr. 443, 448 (1985). Of course, that does not mean that every time a creditor is faced with an insolvent corporation it would be unjust not to make the shareholders liable. To so hold would undercut the limitation of shareholder liability, which is one of the major purposes of the corporate form. But in proper circumstances "the corporate veil will be pierced." Id.
 
 
 6
 Because the doctrine is equitable, and the possibilities for improper manipulation of the corporate form are only as limited as human ingenuity, there is no single zest or group of factors which will evoke application of the alter ego doctrine. See id. Essentially, what a plaintiff must show is that the shareholders' interests and those of the corporation have been so unified that their "separate personalities .... no longer exist" and "if the acts are treated as those of the corporation alone, an inequitable result will follow." Id.; see also Mid-Century Ins. Co. v. Gardner 9 Cal.App. 4th 1205, 1212, 11 Cal.Rptr.2d 918, 922 (1992). Again, however, the courts have reified those abstractions into a myriad of specific considerations. In Associated Vendors, Inc. v. Oakland Meat Co., 210 Cal.App.2d 825, 838-40, 26 Cal.Rptr. 806, 813-15 (1963), for example, the court set out no less than 24 separate factors which prior cases had relied upon.
 
 
 7
 Two of the most significant factors applicable here were Plowfield's control over Genesis and his blending and blurring of his separate interests with those of Genesis itself. There was also an indication that Genesis was undercapitalized when it dealt with Cal-Circuit. However, that factor's application here is more problematic, especially since Cal-Circuit knew that Genesis was in a bankruptcy reorganization when the companies dealt with each other. Cal-Circuit could hardly have, viewed Genesis as a strong going concern at the time.
 
 
 8
 What sinks Plowfield and makes the district court's determination unassailable is the fact that he diverted Genesis' assets to himself. That is one of the important factors which the California courts have considered, and it evidences a form of bad faith which is at least an unspoken consideration lying behind many alter ego determinations. See Mid-Century, 9 Cal.App. 4th at 1213, 11 Cal.Rptr.2d at 923; Pearl v. Shore,17 Cal.App.3d 608, 616, 95 Cal.Rptr. 157, 162 (1971); Associated Vendors, 210 Cal.App.2d at 838, 26 Cal.Rptr. at 813. While Plowfield asserts that some of the alleged diversions were really designed to repay him for advances, that is of little help to his cause. The California courts have found it intolerable when insiders, like Plowfield, have preferred themselves over other creditors of insolvent corporations. See Title Ins. & Trust Co. v. California Dev. Co., 171 Cal. 173, 206-07, 152 P. 542, 556-57 (1915); Bonney v. Tilley, 109 Cal. 346, 352, 42 P. 439, 440 (1895); Rankin v. Frebank Co., 47 Cal.App.3d 75, 89, 121 Cal.Rptr. 348, 357 (1975); Commons v. Schine, 35 Ca.App.3d 141, 144-45, 110 Cal.Rptr. 606, 608-09 (1973). When Plowfield distributed corporate funds to himself, he exposed himself to alter ego liability.
 
 
 9
 Plowfield's attack on the attorneys' fees awarded against him hinges upon the determination of the underlying liability itself. Hence, his attorneys' fee appeal must fail along with his primary appeal.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of his circuit except as provided by 9th Cir. R. 36-3